Milton Flexer and United National Insurance Company, Insurance Carrier, Appellants, v. Workmen's Compensation Appeal Board and Ronald E. Wilson, and Interfaith Inter-Racial Council of the Clergy and Rockwood Insurance Co., Insurance Carrier, Appellees.

Argued March 8, 1974, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Paul J. Senesky,* with him, of counsel, *Galfand, Berger, Senesky, Lurie & March,* for appellants.

*Norman Shigon,* for appellee, Wilson.

*Alfred Sarowitz,* for remaining appellees.

OPINION BY JUDGE ROGERS, March 22, 1974:

This is an appeal by Milton Flexer, an employer, from an adjudication of the Workmen's Compensation Appeal Board, affirming a referee's award of benefits for total disability to Ronald E. Wilson.

The appellant contends that the record does not support the compensation authorities' finding that Mr. Wilson's disability was the result of anything which happened while he was in the appellant's employ. Otherwise stated, the employer contends that the finding of facts underlying the award are not supported by competent evidence. This being the issue, we must first be reminded that the claimant, having prevailed below, is entitled to the benefit of the most favorable inferences deducible from the evidence and that questions of credibility are for the fact finder, not us. *United States Steel Corporation v. Simon,* 9 Pa. Commonwealth Ct. 281, 305 A. 2d 913 (1973). As we stated in *Hershey Estates v. Workmen's Compensation Appeal Board,* 9

Pa. Commonwealth Ct. 470, 472, 308 A. 2d 637, 638 (1973), "It is our duty to examine the record and determine, not whether we would have made the same judgment as the authorities, but whether the evidence is such that a reasonable person, acting reasonably, might reach the same conclusion on the facts as did those authorities."

Claimant was employed by the appellant as a laborer assisting in the demolition of homes. On April 25, 1967,[1] while working on the second floor of a building, the claimant, due to the collapse of a brick wall, fell to the floor below. In describing the incident at the referee's hearing, the claimant testified that he fell on his head, was dazed and sustained a laceration of the leg. He states that at the hospital he complained of a severe headache as well as of the pain in his leg. He further testified that after the accident he suffered headaches almost daily and that he treated himself with a patent analgesic.

A qualified neurologist who commenced treatment of the claimant about one year after this incident stated that the claimant suffered from post traumatic encephalopathy manifested by recurrent grand mal seizures, nervousness, vertigo and headaches, and that this illness was caused by the head injury sustained in the fall on April 25, 1967.

The employer's case consisted of vigorous cross-examination of the claimant and of the claimant's physician, centering on the absence in hospital reports of references to a head injury, and on an incident which

---

[1] Although the claim petition contended that the injury occurred on April 23, 1967, it appears from the record that the actual date was April 25, 1967. April 23, 1967 was a Sunday, and claimant testified that he never worked on Sunday. The actual date in April is not significant since appellant does not deny that claimant was employed by him during the month of April. *See Maston v. Union Mining Company*, 9 Pa. Commonwealth Ct. 586, 309 A. 2d 67 (1973).

occurred on June 29, 1967 when the claimant was in the employ of Interfaith Inter-Racial Council of the Clergy. This latter event consisted of the claimant's "blacking out," falling to the ground, and sustaining injuries to the back of his head. Under cross-examination, the claimant adhered to his statement that he did sustain head injuries in the April accident and that he suffered daily headaches thereafter. The claimant's neurologist stated his professional opinion to be that the June fainting incident was only symptomatic of illness caused by the April injuries.

Clearly, if the claimant and his neurologist are credible, as the referee concluded, the award stands on a firm factual basis. The law gives us no warrant to substitute our judgment in this regard for that of the finders of the facts. *See Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973).

We must affirm.

#### ORDER

And Now this 22nd day of March, 1974, the defendants, Milton Flexer and United National Insurance Company, are directed to pay Ronald E. Wilson compensation for total disability at the rate of $37.33 per week beginning August 16, 1967 and continuing thereafter during total disability; together with interest at the rate of six per cent per annum on all unpaid installments from the due date thereof. The defendants are further directed to pay the following medical expenses, being the only such proved herein:

To St. Luke's and Children's Medical Center—$47.20.