Cole Steel Equipment Corporation and Employers Mutual Liability Insurance Company of Wisconsin, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Gloria E. Hernandez, Widow of Jose Hernandez, Deceased, Appellees.

Argued May 11, 1973, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three. Reargued March 4, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*James K. Martin,* for appellants.

*Hugh D. Manifold,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE BLATT, July 24, 1974:

Jose Hernandez (decedent) died on January 20, 1971, as the result of a ruptured cerebral aneurysm. His wife, Gloria E. Hernandez (claimant) filed a fatal claim petition seeking benefits pursuant to The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §1 et seq. Following a hearing, the referee found that the decedent had suffered an accident in the course of his employment with the Cole Steel Equipment Corporation (Cole), but that there was no causal connection be-

tween that accident and the decedent's death. In a decision dated December 7, 1972, the Workmen's Compensation Appeal Board, without hearing any additional evidence, made new findings of fact, reversed the referee, and awarded benefits to the claimant. The Board based its holding on its preference for the testimony of claimant's, rather than Cole's, medical witnesses and on the belief that the referee erred in his statement made during the hearing, but not in the adjudication, that there was probably insufficient evidence to establish that the decedent suffered a blow to his head. Cole has appealed to this Court.

On appeal to this Court in workmen's compensation cases, where the decision of the fact finder was adverse to the party bearing the burden of proof (here the claimant), our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or there has been a capricious disregard of competent evidence. And where, as here, the Board has taken no additional evidence, we must rely on the facts as found by the referee if he has not capriciously disregarded competent evidence in arriving at such facts. It is the province of the referee to consider the credibility of the witnesses. *Canterna v. United States Steel and Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 579, 317 A. 2d 355 (1974).

The testimony herein indicates that the decedent was a relatively healthy man of 39 years of age on January 5, 1971, the date of the alleged accident. Jay Tyson, a fellow employee of the decedent, testified that while he was working he heard, but did not see, a piece of aluminum tubing fall to the floor. The tubing was six feet long and one and one half inches in diameter, weighed about six pounds and when last seen by Mr. Tyson, it was leaning against a pole. When Mr. Tyson turned to see what had happened, he noticed the dece-

dent standing on a conveyer near where the tube had fallen and holding his left forehead. Mr. Tyson noted a small cut of about one fourth of an inch in length above the decedent's left eyebrow, and, although it was not bleeding, Mr. Tyson advised the claimant to go to the company dispensary for treatment. The claimant did so, his cut was cleaned and bandaged, and he returned to work.

The claimant testified that, when the decedent arrived home that night, he told her that he had been struck on the head by a piece of pipe at work and that he had a slight headache. He worked the rest of the week but continually complained to the claimant of worsening headaches, and he finally went to see his family physician, Dr. E. Rivera, on January 9, 1971. Upon returning from his visit to Dr. Rivera, he was seized with pain and chills and became unresponsive to the claimant's questionig. He was taken to the hospital on January 10, 1971, immediately lapsed into a coma from which he never recovered, and died ten days later.

It would appear to us that there was substantial competent evidence here to permit the referee to find, as he did, that the decedent had suffered an accident. The history of the event given by the decedent to Dr. Rivera, when viewed in conjunction with the circumstantial evidence provided by Mr. Tyson and by the claimant, is sufficient to establish the occurrence of the accident. *See Cody v. S.K.F. Industries, Inc.,* 447 Pa. 558, 291 A. 2d 772 (1972) ; *Czanker v. Sky Top Lodge, Inc. and Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 220, 318 A. 2d 379 (1974).

We confront a more difficult problem on the issue of causation. The claimant presented two medical witnesses to support her position. Dr. Rivera testified that the ruptured aneurysm "was secondary to the injury to the forehead." He noted as significant that the dece-

dent began to have headaches soon after suffering his accident, because leakage of blood into the brain from the ruptured aneurysm would cause such headaches. Dr. Ivan Butler, a neurosurgeon who treated the decedent while in the hospital, stated: "I believe that because of the temporal episodes that occurred from the onset of the head injury, with the complaints of head pain and then rupturing, that the head trauma was in some way the precipitating cause of the rupture of the aneurysm." He also testified that, although the cut on the decedent's forehead appeared minor, it was the shock waves occurring at the time he was struck that ruptured the aneurysm. Even a glancing blow from the pipe here in question could cause such shock waves. He also noted that the occurrence of the headache so soon after the accident, which he believed was caused by the aneurysm leaking, was too much of a coincidence to permit him to believe that the accident had not caused the rupture.

Cole presented the testimony of Dr. C. Bendersky, an internist with a specialty in cardiovascular diseases. Although he had not treated the decedent, he had reviewed the hospital record including the autopsy report. He testified that, assuming the decedent had suffered a laceration over the left eye, and had begun suffering headaches that night and twenty days later had died from a ruptured aneurysm, there was "not any relationship between the trauma and the subsequent intercerebral bleeding." He reached this conclusion because he believed that the blow suffered by the decedent did not knock him down or render him immediately unconsicous and it caused no trauma to the skull or to the brain. In his opinion only a blow of such proportions would have been sufficient to rupture the aneurysm. Instead he found evidence in the autopsy report to indicate that the rupture came about naturally as a result of arteriosclerosis.

The referee, therefore, had before him competent evidence by which he might well have found either way on the subject of causation. Although we might have decided the matter differently, as the Board did, if we were in the position of the fact finder, that is the role of the referee, not ours, nor the Board's. *Hoy v. Fran Lingerie and Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 542, 308 A. 2d 640 (1973). The test here is one of capricious disregard, and we cannot find that the referee capriciously disregarded any competent testimony, either from the medical witnesses, from Mr. Tyson or from the claimant. The credibility of the witnesses was a matter that he alone could determine.

For the above reasons, therefore, we issue the following

### ORDER

Now, July 24, 1974, the order of the Workmen's Compensation Appeal Board is reversed and the claim of Gloria E. Hernandez is hereby dismissed.

Judge CRUMLISH dissents.