Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania and Mary DiSimone, Widow of Vito DiSimone, Deceased, v. Allied Chemical Corporation and The Travelers Insurance Company, Insurance Carrier, Appellants.

Argued June 6, 1975, before Judges CRUMLISH, JR., KRAMER and BLATT, sitting as a panel of three.

*Joseph J. Murphy*, with him *Murphy, Murphy & Murphy*, for appellants.

*Stephen A. McBride*, with him *Kassab, Cherry and Archbold*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE CRUMLISH, JR., July 31, 1975:

This is an employer's appeal from an order of the Workmen's Compensation Appeal Board which sustained a referee's award of death benefits to the widow of Vito

DiSimone under the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, 77 P.S. §1 et seq. It is not disputed that the decedent died on August 3, 1973 of an acute myocardial infarction. Nor can appellants now dispute that the decedent was totally disabled at the time of his death, as the result of two accidents sustained in the course of his employment in 1966 and 1970 as appellants withdrew their appeal before the Board from the referee's award of total disability on a claim filed by decedent before his death. The narrow issue for us to determine, therefore, is whether there is substantial evidence to sustain the finding of the referee that there was a causal connection between these accidents and the decedent's subsequent death.

"Where, as here, the referee has found in favor of the party carrying the burden of proof (in this case, the claimant) and the Board has heard no additional evidence, our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or any necessary findings of fact, as found by the referee, were unsupported by substantial evidence." *Czankner v. Sky Top Lodge, Inc.*, 13 Pa. Commonwealth Ct. 220, 228, 318 A. 2d 379, 381 (1974).[1] Substantial evidence is generally defined as such evidence as a reasonable person acting reasonably might accept as supportive of a factual conclusion reached. *Flexer v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 405, 317 A. 2d 53 (1974). As we find such evidence here, we are bound to affirm.

_____

1. In their brief, appellants continually refer to the standard of our evidentiary review as whether the referee capriciously disregarded competent evidence. It should be clear at this point that this standard of review is only applicable where the party with the burden of proof has *not* prevailed before the fact finder. *See Cole Steel Equipment Corp. v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 454, 322 A. 2d 743. (1974).

The record discloses that in February of 1966 decedent suffered severe third degree burns of the upper torso and limbs when a chemical wash tank he was painting for his employer exploded. As a result of these burns, extensive split skin grafts were required and thereafter surgical procedures were performed to relieve the limitation of motions brought about by the burns and grafts. Decedent suffered a second chemical burn to his hand in October of 1970 which aggravated a pre-existing rheumatoid arthritic condition and further limited the range of motion of the hand. The testimony of claimant as well as that of decedent, on the disability claim prior to his death which was incorporated by reference into the hearings on the fatality claim, establish that prior to the accidents decedent was in good health. Due to the general discomfort and loss of mobility and perspiration surface from the burns and grafts, decedent became increasingly nervous and depressed. Based upon this history, as contained in a hypothetical question, claimant's medical witness, a cardiologist, testified as follows:

"Q. Can you state with reasonable medical certainty whether the injuries, operations and facts I have described are the competent cause of his death or accelerated his death?

"A. Yes.

"Q. Did that?

"A. Yes.

"Q. Can you explain your opinion for us, Doctor?

"A. On the basis of the electrocardiogram taken at St. Agnes Hospital Mr. DiSimone had arteriosclerotic heart disease and had a past heart attack and as I stated previously this is not something that comes on suddenly, it's present for a period of time. Superimposed upon this the patient, on the basis of the previous testimony he was a very nervous apprehensive man who was also occasionally depressed secondary to his accident and this anxiety and ner-

vousness can and in this particular case aggravated his underlying heart disease and as Doctor Zarro testified cause of death was cardiac and it is my opinion that the accident which aggravated his cardiac condition shortened his life."

We find this medical evidence to be unequivocal and clearly sufficient to sustain claimant's burden of proving that the 1966 and 1970 accidents and surgery necessitated thereby accelerated decedent's death from a preexisting arteriosclerotic heart condition. See *Stump v. Follmer Trucking Co.*, 448 Pa. 313, 292 A. 2d 294 (1973); *Smith v. Primrose Tapestry Co.*, 285 Pa. 145, 131 A. 703 (1926). As the facts underlying the hypothetical question which formed the basis of the medical expert's opinion as to the causation were established by the independent testimony of claimant and decedent, this witness' testimony was sufficient to support the award. *Reed v. Glidden Co.*, 13 Pa. Commonwealth Ct. 343, 318 A. 2d 376 (1974).

In concluding, we note that the Board raised *sua sponte* the question of whether the fatal claim was barred by Section 301(c), 77 P.S. §411, since the death resulted from at least one accident (the February 1966 accident), which occurred more than 300 weeks before the death. The Board concluded, on the basis of *Kujawa v. Latrobe Brewing Co.*, 454 Pa. 165, 312 A. 2d 411 (1973), that the Section 301(c) limitation was not applicable to a widow's claim under Section 307, 77 P.S. §561. This issue is not before us as it was not properly preserved on appeal. The issue was included within appellants' exceptions but not set forth in or suggested by their statement of questions contained in the brief,[2] and so under Rule No. 93 of the Commonwealth Court, it will not be considered. *See Beth Jacobs Schools of Philadelphia v. Labor Rela-*

---

2. The only possible reference to Section 301(c) in the brief is the second to last sentence of the body of the brief which merely states: "This claim may be barred by the statute of limitations."

*tions Board* (memorandum opinion, No. 750 C.D. 1972, filed April 25, 1973).

ORDER

AND NOW, July 31, 1975, we affirm the order of the Workmen's Compensation Appeal Board and enter judgment in favor of Mary DiSimone and against Allied Chemical Corporation, and/or its insurance carrier, Travelers Insurance Company, for compensation at the rate of $34.00 per week beginning August 3, 1973 and continuing thereafter for a period of 500 weeks or until such time as Mary DiSimone shall remarry within said period, together with statutory burial expenses of $750.00 and legal interest on deferred installments of compensation, all within the limits and meaning of the Workmen's Compensation Act.