Workmen's Compensation Appeal Board and Italo Brichetti *v.* Republic Steel Corp. and Commonwealth of Pennsylvania. Republic Steel Corporation, Appellant.

Argued September 13, 1976, before Judges Crumlish, Jr., Wilkinson, Jr., and Rogers, sitting as a panel of three.

*Robert E. Eberly, Jr.,* for appellant.

*Benjamin L. Costello,* with him *Kenneth J. Ya-blonski,* for appellee.

*Mary Ellen Krober,* Assistant Attorney General, for Commonwealth.

OPINION BY JUDGE ROGERS, September 30, 1976:

This is an appeal by an employer, the Republic Steel Corporation, and the Commonwealth of Pennsylvania from the Workmen's Compensation Appeal Board opinion and order of February 26, 1975 awarding compensation to the claimant, Italo Brichetti, at the rate of one hundred and six dollars ($106.00) per week because of total disability due to anthracosilicosis and/or coal worker's pneumoconiosis resulting from an employment of twenty-two years in coal mines. The appellants base their appeal on grounds that the Workmen's Compensation referee in making his findings of fact capriciously disregarded evidence introduced by the appellants at the hearing and on the grounds that there was not substantial evidence upon which to base a finding that the claimant is totally disabled due to pneumoconiosis.

The evidence submitted was the testimony of the claimant and the diagnostic reports of three doctors, Dr. M. I. Levine, who testified for the claimant, and Drs. John F. Rush and Richard L. Kalla, who testified for the employer and the Commonwealth. Dr.

Levine, in his report, concluded after a physical examination and an exercise tolerance test that the claimant was totally and permanently disabled due to pneumoconiosis due to coal dust. Dr. Rush, on the other hand, concluded in his x-ray report that there was no pneumoconiosis present and that the results of a pulmonary function study (allegedly a more reliable indicator of pneumoconiosis) were well within normal limits thereby indicating no pneumoconiosis. Dr. Kalla's report corroborated that of Dr. Rush in that it found no objective indication of totally disabling pneumoconiosis.

In reviewing findings and conclusions, we must first determine the scope of our review. The appellants would argue that our scope of review includes determining whether the Workmen's Compensation referee capriciously disregarded the evidence introduced at the hearing in making his findings of fact, as well as whether the evidence submitted by the plaintiff is substantial evidence upon which a finding that the claimant is totally disabled from pneumoconiosis can be based.

The "capriciously disregarding competent evidence" scope of review is only applicable where the party with the burden of proof (here appellee Brichetti) has not prevailed before the fact finder. In the case of *Workmen's Compensation Appeal Board v. Allied Chemical Corporation*, 20 Pa. Commonwealth Ct. 562, 564, 342 A.2d 766, 767 (1975), Judge CRUMLISH of this Court stated in footnote number one:

"In their brief, appellants continually refer to the standard of our evidentiary review as whether the referee capriciously disregarded competent evidence. It should be clear at this point that this standard of review is only applicable where the party with the burden of proof has *not* prevailed before the fact finder. *See* Cole Steel Equipment Corp. v. Workmen's

Compensation Appeal Board, 14 Pa. Commonwealth Ct. 454, 322 A.2d 743 (1974)." (Emphasis in original.)

Since the appellee has prevailed before the fact finder, this standard of review is not applicable.

Appellants would have no valid claim even if the "capricious disregarding" standard were used since "[t]o constitute capricious disbelief there must be a willful, deliberate disbelief of an apparently trustworthy witness, whose testimony one of ordinary intelligence could not possibly challenge or entertain the slightest doubts as to its truth." *Bullock v. Building Maintenance, Inc.,* 6 Pa. Commonwealth Ct. 539, 542-543, 297 A.2d 520, 522 (1972). In this case, the referee has considered two conflicting medical conclusions. The fact that there has been a contrary expert medical opinion would, at least, cast some doubt on the validity of the expert medical opinions of the appellants' witnesses and so it could not be said that the referee could not possibly challenge or entertain the slightest doubts as to the truth of the opinions of Drs. Rush and Kalla.

The appellants also allege that the evidence submitted by the claimant is not substantial evidence upon which can be based a finding that the claimant is totally disabled from pneumoconiosis. The test for substantial evidence is "whether the evidence is such that a reasonable person, acting reasonably, might reach the same conclusion on the facts as did those authorities." *Hershey Estates v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 470, 472, 308 A.2d 637, 638 (1973). *See also Flexer v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 405, 317 A.2d 53 (1974); *Sabatini v. Affiliated Food Distributors, Inc.,* 6 Pa. Commonwealth Ct. 470, 295 A.2d 845 (1972); *A. P. Weaver and Sons v. Sanitary Water Board,* 3 Pa. Commonwealth Ct. 499, 284 A.2d 515 (1971). The claimant

himself testified as to his disability and the claimant's witness, Dr. Levine, has entered an opinion based on his tests and his professional observations. The appellants have nowhere alleged that claimant's witness is not competent to render an expert opinion. This Court finds the claimant's evidence to be supportive of the factual conclusion reached by the referee and board below. The appellants' claim of failure of compliance with the Pennsylvania Workmen's Compensation Act because of lack of substantial evidence is therefore invalid and the orders of the referee and appeals board will be affirmed by order entered this day.

ORDER

AND Now, this 30th day of September, 1976, the order of the Workmen's Compensation Appeal Board of February 26, 1976, and the decision of referee, Frank C. Roney, of July 10, 1975, are affirmed.

Compensation is payable and it is ordered and directed that the defendant, Republic Steel Corporation, and the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Occupational Injury and Disease Compensation, pay compensation to the claimant, Italo Brichetti, at the rate of $106 per week, beginning on April 4, 1975 for total disability caused by coal worker's pneumoconiosis.

Of the said weekly amount of compensation aforesaid, the Commonwealth of Pennsylvania shall be liable for the payment of fifty (50%) percent thereof, or in the amount of $53 per week, and the defendant, Republic Steel Corporation and/or its insurance carrier shall be liable for the payment of fifty (50%) percent thereof, or in the amount of $53 per week.

The above award against the defendant-company only shall bear interest on all deferred payments of compensation at the rate of ten (10%) percent per annum.

No Bill of Costs is taxed. No counsel fee is claimed or to be paid because claimant is a member of District No. 5, U.M.W.

The appeal of the defendant is dismissed.