Judge ROGERS concurs in the result only.

Roger Warrick, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and United States Steel Corporation, Respondents.

Argued June 7, 1979, before Judges BLATT, DI-SALLE and CRAIG, sitting as a panel of three.

*Maureen Adams*, with her *Timothy R. Smith*, and *Tomar, Kamensky & Smith*, for petitioner.

*James D. Strader*, for respondents.

OPINION BY JUDGE BLATT, September 20, 1979:

On April 5, 1969, the petitioner, Roger Warrick, suffered a work-related injury while employed by the respondent, United States Steel Corporation (U.S. Steel). His original application for workmen's compensation benefits was eventually granted by the Workmen's Compensation Appeal Board (Board),[1] which found that the petitioner was totally disabled from the date of his accident until January 28, 1970. The Board also concluded that the petitioner was partially disabled as of January 28, 1970, but suspended compensation by reason of insufficient evidence as to his loss of earning power. This decision was affirmed by the Court of Common Pleas of Bucks County. The petitioner then filed a petition for reinstatement of compensation benefits seeking to establish his loss of earning capacity after January 28, 1970. After an original hearing and a remand hearing, the referee concluded that the employer had met its burden of showing that light work was available to the employee after January 28, 1970, the date of the onset of his partial disability and therefore dismissed the petition. This appeal followed.

---

[1] Pursuant to The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 et seq.

The petitioner contends that the referee relied on improper medical evidence presented at the hearings regarding the extent of his disability. He contends that the extent of his partial disability was established by the testimony of his doctor, and not by that of the employer's doctor, a fact which he contends was affirmed by the court of common pleas in its opinion which stated:

> Here the Board found the claimant to have been completely disabled until January 28, 1970 and partially disabled thereafter. The Board obviously embraced the testimony of the claimant's physician and rejected that of the employer's physician who from the beginning was of the opinion that the claimant could enter upon light work while continuing his medical treatment. The findings of the Board are based upon competent evidence and are thus conclusive and not open to question by the Court.

The petitioner argues, therefore, that the referee and Board erred by accepting the testimony of the employer's doctor as to the extent of partial disability when considering whether or not light work was available to him. His position appears to be that the court's finding that his doctor's testimony was credible somehow results in a finding that the employer's doctor's testimony was not credible and therefore could not be considered by the referee or Board in any subsequent proceedings. We find this position to be without merit.

We do not believe that the court's conclusion that the Board's findings were based on substantial evidence has any bearing on the credibility of the testimony given by the employer's doctor, especially in light of the fact that the Board's findings which the Court was affirming made no reference to the credibility of this testimony. Moreover, although the pe-

titioner's doctor opined that the petitioner was totally disabled immediately after the accident, he conceded that as of January 28, 1970, the disability was only partial, an opinion totally consistent with that of the employer's doctor.

The referee was clearly permitted to accept any competent medical testimony as to the type of work the petitioner was capable of performing. We must determine therefore whether or not he was correct in concluding that such work actually was available to the petitioner. There was substantial evidence presented by the employer that light work which the petitioner could do was at all times available to him, and having so met its burden, the employer was therefore relieved of liability for payments for partial disability. *See Workmen's Compensation Appeal Board v. Universal Cyclops Specialty Steel Division of Cyclops Corp.*, 20 Pa. Commonwealth Ct. 261, 341 A.2d 223 (1975).

The order of the Board will be affirmed.

ORDER

AND Now, this 20th day of September, 1979, the order of the Workmen's Compensation Appeal Board dismissing the reinstatement petition of Roger Warrick is affirmed.