Rochester & Pittsburgh Coal Co. and Old Republic Companies, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, Raymond Schwab and Commonwealth of Pennsylvania, Department of Labor and Industry, Respondents.

Argued December 6, 1979 before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Paul E. Sutter,* with him *George H. Thompson* of *Hirsch, Weise & Tillman,* for petitioners.

*Lawrence W. Dague,* with him *Sandra Christianson* and *Larry A. Makel,* Assistant Attorneys General, for respondents.

OPINION BY JUDGE ROGERS, January 17, 1980:

Rochester & Pittsburgh Coal Company and its insurer, Old Republic Companies (Petitioners), have appealed from an order of the Workmen's Compensation Appeal Board (Board) affirming in relevant part a referee's decision awarding workmen's compensation benefits to Raymond Schwab for total disability due to pneumoconiosis. Section 108(q) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(q).

The only issue before us on this appeal is whether or not the Commonwealth has any liability for the payment of Schwab's benefits under Section 305.1 of the Act of June 2, 1915, P.L. 736, *as amended,* added by Section 2 of the Act of December 6, 1972, P.L. 1627, 77 P.S. §411.1, which provides that:

> Any compensation payable under this Act for . . . coal-worker's pneumoconiosis as defined in Section 108(q) for disability occurring on or after July 1, 1973 or for death resulting therefrom shall be paid as follows: if the disability begins between July 1, 1973 and June 30, 1974, inclusive, the employer shall pay twenty-five per centum and the Commonwealth seventy-five per centum; if the disability begins between July 1, 1974 and June 30, 1975, inclusive, the employer shall pay fifty per centum and the Commonwealth fifty per centum; if the disability begins between July 1, 1975 and June 30, 1976, inclusive, the employer shall pay seventy-five per centum and the Commonwealth twenty-five per centum; and if the disability begins on

or after July 1, 1976, all compensation shall be payable by the employer.

The referee found as fact that Schwab's total disability began on August 6, 1976 and concluded that petitioners were solely liable for the payment of benefits due Schwab. Petitioners, however, contend that the referee's finding capriciously disregards evidence that Schwab's total disability began at the latest on May 28, 1976 and thus the Commonwealth should be liable for the payment of twenty-five per centum of Schwab's benefits.

Petitioners, for the purposes of Section 305.1 of the Act, have the burden of proving when Schwab's total disability began. *Gateway Coal Co. v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 608, 388 A.2d 1122 (1978). Since the decision below was against petitioners, they must show that there was a capricious disregard of competent evidence, a difficult standard to overcome. *Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 223, 227, 399 A.2d 444, 446 (1979). We do not believe that petitioners have overcome this standard here.

The only evidence introduced tending to establish a date when Schwab's total disability began was that of Schwab's medical witness, Dr. Levine. Dr. Levine examined Schwab on May 28, 1976. He made a contemporaneous written report of this examination in which he expressed no opinion as to disability but in which he recommended that additional tests be made. Dr. Levine examined Schwab again on August 6, 1976, at which time the results of the recommended tests (which in fact had been made before May 28, 1976) were available. In the written report made of the August 6, 1976 examination Dr. Levine expressed his opinion that Schwab was totally disabled by pneumoconiosis. In his direct testimony at the hearing be-

low, Dr. Levine gave his opinion that Schwab was totally disabled without reference to the inception of that condition. On cross-examination he testified that he had concluded on May 28, 1976 that Schwab was totally disabled and that this opinion remained unchanged after the August 6, 1976 examination with the test results available. On redirect examination, however, Dr. Levine testified that his conclusion was not final or definite until August 6, 1976. The petitioners say that it was a capricious disregard of competent evidence on the part of the referee to find that Schwab's disability began on August 6, 1976. We disagree. As Judge BLATT wrote in *Novak v. Mathies Coal Co.*, 29 Pa. Commonwealth Ct. 122, 125, 370 A.2d 435, 437 (1977), "the date of disability must be determined by the factfinder based upon the evidence presented in each case." Dr. Levine's testimony, taken as a whole, did not in our judgment compel a finding by the referee that Schwab was totally disabled on May 26, 1976. The doctor's conclusion made that day was not definitive, as evidenced by his calling for test results and by his failure to then express an opinion. For us in these circumstances to change the date would be an act of usurpation of a power committed to the compensation authorities.

Petitioners also argue that Schwab's retirement from employment on March 31, 1976, together with his own belief that he may have had pneumoconiosis at that time compels a finding that his total disability began on or prior to May 28, 1976. This argument is without merit. *Garden Coal Co. v. Workmen's Compensation Appeal Board*, 27 Pa. Commonwealth Ct. 568, 572, 367 A.2d 360, 362 (1976).

ORDER

AND Now, this 17th day of January, 1980, it is ordered that judgment be entered in favor of Raymond Schwab and against Rochester & Pittsburgh Coal Com-

pany and its insurer, Old Republic Companies, for one-hundred per centum of the payment of workmen's compensation benefits at the rate of $184.84 per week beginning August 6, 1976 and continuing into the indefinite future, under the provisions of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, §101 et seq., *as amended*, 77 P.S. §1 et seq. All compensation shall be paid pursuant to Rule 121.21(b) of the Bureau of Occupational Injury and Disease Compensation, 34 Pa. Code §121.21(b).

Deferred payments of the benefits awarded herein shall bear interest at the rate of ten per centum per annum.

Rochester & Pittsburgh Coal Company and its insurer, Old Republic Companies, are ordered to reimburse the United Mine Workers' of America, District 5, for the costs in the amount of $297.70.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.

---

DISSENTING OPINION BY JUDGE WILKINSON, JR.:

I must respectfully dissent. Relying on the same medical testimony as is relied upon by the majority, I believe that the referee had to capriciously disregard part of the uncontradicted testimony of Dr. Levine in order not to find the total disability began at least on May 28, 1976. True, Dr. Levine testified that on August 6, 1976, he formed his final opinion that Schwab was totally disabled. However, the issue here is not when Dr. Levine formed his final opinion. The issue is when Schwab became totally disabled.

In addition to his testimony on cross-examination that Schwab was totally disabled on May 28, 1976, Dr. Levine testified positively that when he examined Schwab on August 6, 1976, his condition was the same as it was on May 28, 1976.

Q. Would your conclusion as to disability be the same on May 28, 1976, as it was on August 6, 1976?

A. Yes.

If Schwab was totally disabled on August 6, 1976, which is not contested, then he had to be the same, i.e., totally disabled, on May 28, 1976. This is no contrary evidence.

I would modify the Board's order to reflect a disability date from coal worker's pneumoconiosis as of May 28, 1976, and prorate the compensation payable, 75% to the Rochester & Pittsburgh Coal Company and Old Republic Companies, Petitioners, and 25% to the Commonwealth of Pennsylvania, Department of Labor and Industry.