Crucible Steel, Inc., Colt Industries, Petitioner
*v.* Commonwealth of Pennsylvania, Workmen's
Compensation Appeal Board and Joseph Aloi,
Respondents.

Argued February 8, 1980, before Judges WILKIN-
SON, JR., MENCER and CRAIG, sitting as a panel of three.

*William F. Henkel,* with him *Stephen I. Richman,*
of *Greenlee, Richman, Derrico & Posa,* for petitioner.

*John W. McTiernan,* with him *Patrick F. McArdle,*
of *McArdle, Caroselli, Spagnolli & Beachler,* for re-
spondents.

OPINION BY JUDGE WILKINSON, JR., March 4, 1980:
Petitioner (employer) appeals an order of the
Workmen's Compensation Appeal Board (Board) af-

firming a referee's decision awarding total disability benefits to respondent (claimant) pursuant to the occupational disease provisions of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §1 et seq.[1] We affirm.

Claimant had worked as a laborer and wharf man for the employer's steel company since 1950. On June 2, 1976, he was hospitalized due to gastro-intestinal bleeding. Claimant never returned to work. On May 6, 1977, while recovering from his hospitalization, he was examined by a physician who after re-examination on September 8, 1977, concluded that claimant had anthracosilicosis and pulmonary emphysema. Claimant then filed a petition for compensation under the Act, alleging that he had become totally and permanently disabled and further alleging that his disability was caused by his exposure to deleterious gases, smoke, dust, and particulate matter at his place of employment.

On the basis of the evidence presented, including the testimony of the doctor who had diagnosed the disability, the referee determined that the claimant had sustained a disabling occupational disease under the Act and was therefore entitled to the receipt of benefits. The Board, after consideration of an appeal filed by the employer, affirmed the referee's decision. Thereafter, the employer appealed to this Court, arguing that the claimant had not presented substantial evidence to support a finding of disability in that evidence relating the physical impairment to an inability to perform job functions was lacking. Specifically, the

---

[1] Section 301(c)(2) of the Act, 77 P.S. §411(2), includes within the definition of compensable injury those occupational diseases enumerated in Section 108 of the Act, added by the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1.

employer argued that a medical opinion of disability is not substantial evidence when the doctor voicing the opinion allegedly has not considered the physical activities required of the claimant's employment.

Claimant's doctor testified as follows:

Q Doctor, when you examined Mr. Aloi, did he give you an occupational history of the type of work which he had performed?

A Yes. I will read from my record of the report dated May 7, 1977. That he was a poor narrator. He apparently worked on the coke batteries for a three-month period spending one year grinding steel and working in the labor pool for a year, then worked in a coke plant for about three months and then transferred to the wharf where he handled coke on its way to the screening area. This coke included varying amounts of raw coke and, indeed, coal left over after the coking process. He did this for approximately thirteen years. And then was involved in hauling coke to the blast furnace over a two-year period. Stopped work in June of '76.

If this were testimony from a doctor unfamiliar with the workers in a coke plant, it might be successfully argued that he did not have sufficient basis to determine that claimant was totally disabled. However, such is not the instance. Claimant's doctor testified that he had examined "a number of patients who have worked both on the coke batteries and also in the coal handling and coke handling departments connected with the coke batteries." A doctor who is familiar with ditch digging and has examined patients who were ditch diggers does not have to describe the work of a ditch digger to testify that one is totally disabled as a ditch digger.

While it certainly would be desirable for this record to be more specific on the exact physical effort required of claimant in his last position, we are not prepared to say that it is insufficient to support the findings of the referee. This is especially true where claimant testified he was not physically able to continue his secondary occupation of a barber!

Accordingly, we will enter the following

### ORDER

AND Now, March 4, 1980, the order of the Workmen's Compensation Appeal Board at Docket No. A075477, dated February 1, 1979, is hereby affirmed. It is ordered that judgment be entered in favor of claimant Joseph S. Aloi and against the defendant, Crucible Inc./Colt Industries, self-insured, in the amount of $187.00 per week beginning September 8, 1977 continuing so long as the disability lasts, together with interest at the rate of ten percent per annum on deferred payments from the date due to the date paid, all within the meaning and provisions of The Pennsylvania Workmen's Compensation Act. The defendant, self-insured, is further directed to reimburse claimant's counsel for reasonable costs of prosecution incurred in the total amount of $373.35. Attorney fees in the amount of $3,889.60, as agreed upon between the claimant and his counsel, are approved and the defendant, self-insured, is directed to deduct $37.40 from each of the first 104 weeks of compensation that becomes due and payable to the claimant subsequent to September 8, 1977, and forward it together with the aforementioned costs of $373.35 directly to claimant's counsel, Patrick F. McArdle, Esq. All remaining payments of compensation and interest shall be paid directly to the claimant.

President Judge BOWMAN did not participate in the decision in this case.