Bethlehem Mines Corporation, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John Stavarski, Respondents.

Argued November 19, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*William F. Henkel,* with him *Daniel A. Caldwell, Greenlee, Richman, Derrico & Posa,* for petitioner.

*Benjamin L. Costello,* with him *Kenneth J. Yablonski,* for respondent.

OPINION BY JUDGE CRAIG, December 23, 1980:

Employer Bethlehem Mines Corporation appeals from a decision of the Workmen's Compensation Appeal Board which affirmed a referee's decision that Claimant John Stavarski was eligible to receive compensation under Section 108(e) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(e), because he was disabled by an occupational disease.

The claimant had worked in the coal mining industry for more than thirty-five years. From approximately January 1959 until claimant's retirement on January 4, 1977, claimant was a roof bolter inside the coal mines. Thereafter claimant filed a claim petition alleging that he was totally and permanently disabled by reason of pneumoconiosis caused by his exposure to coal dust during his employment.

The referee resolved conflicting medical testimony in favor of the claimant and found claimant, as of January 15, 1977, to be totally disabled by coalworker's pneumoconiosis.

Here the employer asserts that substantial evidence to support a finding of disability is absent from the record because the doctors who testified that claimant's physical impairment prevents him from performing his duties as a roof bolter were unaware of the duties of the position. We cannot agree.

After examining the claimant, Dr. Macy I. Levine testified that the claimant was totally disabled, partly on the basis of the history given to Dr. Levine, indicating that the claimant, when working, had experienced difficulty carrying posts for any length of time because of shortness of breath. Although the claimant's own testimony included a comment that "not too much" physical exertion was involved in drilling holes in the mine roof, the referee could infer that the job of roof bolter was not confined to drilling holes, but involved other related activities.[1]

The claimant is entitled to the benefit of the most favorable inferences deducible from the evidence, and questions of credibility are for the referee as fact-

---

[1] Claimant testified in cross-examination as follows:

Q. Mr. Stavarski, could you tell me what your duties as a roof bolter entailed?

A. What the duties are?

Q. What are your duties as a roof bolter?

finder. *General Tire and Rubber Co. v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 473, 332 A.2d 867 (1975).

Moreover, we hold that the testimony of Dr. J. D. Silverman also provided substantial evidence to support the referee's finding that the claimant was disabled. Although Dr. Silverman testified that he could not outline the details of claimant's job, he stated that he had discussed the activities required by the job in a general way with other coal miners. Based on that information and upon his examination of the claimant, Dr. Silverman determined the claimant to be disabled. We hold Dr. Silverman's testimony to be analogous to testimony given by a medical expert in *Crucible Steel Inc. v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 562, 411 A.2d 888 (1980). There this court held that a doctor familiar with a position may testify as to whether a worker is totally disabled to perform the duties of a position, without going into the specifics of the job.

Employer also contends that the record is devoid of substantial medical evidence to support a finding

---

A. We drill holes in the roof to put bolts in.

Q. Does it require a good deal of physical exertion?

A. Well, not too much. It's all levers.

Q. Did you use machines?

A. Yes, I used a machine.

Q. And how did you operate these machines? Are there buttons that you have to push on the machines?

A. Just levers. Just certain levers go for different things.

Q. And that's the procedure by which holes are drilled in the roof?

A. Yes.

In the third question above, the pronoun "it" can be read to refer to the drilling process rather than to all the activities of the job. Note the last question above, which summarizes the series as dealing with "the procedure by which holes are drilled". The second answer above does not necessarily indicate that the drilling operation was the only function of the job.

that the cause of claimant's disability is pneumoconiosis. The relative weight to be given to the respective testimony of medical experts is exclusively for the referee to determine, and the referee is not required to state his reason for accepting one medical opinion over another. The fact that the referee is inclined to believe one opinion over another is sufficient. *City of Hazleton v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 477, 386 A.2d 1067 (1978).

Accordingly, we affirm the decision of the Workmen's Compensation Appeal Board.

### ORDER

AND Now, December 23, 1980, the order of the Workmen's Compensation Appeal Board, Docket No. A-77532, dated November 5, 1979, is affirmed, and judgment is entered in favor of claimant John Stavarski and against Bethlehem Mines Corporation, self-insured, in accordance with said order of the Board.