United States Steel Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Rudolph Atz, Respondents.

Argued February 5, 1981, before Judges Mencer, Rogers and Craig, sitting as a panel of three.

*Louis A. Raimond,* for petitioner.

*Margaret D. Blough,* with her *J. Scott Leckie* and *Kenneth J. Yablonski,* for respondents.

OPINION BY JUDGE ROGERS, March 2, 1981:

Rudolph Atz, a 66 year old veteran coal miner, lately employed in the mines of U. S. Steel Corporation, was awarded Workmen's Compensation benefits by a referee and the Appeal Board for total disability due to pneumoconiosis, an occupational disease compensable under the Workmen's Compensation Act.[1] It is undisputed that the claimant has, by long exposure to coal dust, contracted this form of "black lung" disease. The only issue raised for our review is whether the referee's factual finding number six: "that on September 2, 1977, the claimant became totally and permanently disabled . . ." is supported by substantial evidence in the record.

At the referee's hearing the claimant testified that he has difficulty breathing after uphill walking or other exertion; that he experiences a cough that is particularly troubling in the morning; that he has difficulty sleeping due to shortness of breath; and that this shortness of breath and general weakness have prevented him from engaging in any strenuous activities including the duties of his former employment.

The claimant's treating physician, Dr. Macy I. Levine, was deposed and testified that exposure to coal

---

[1] Section 108(q) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* added by the Act of October 17, 1972, P.L. 930, §1, *as amended,* 77 P.S. §27.1(q).

dust has resulted in the claimant's total and permanent disability due to pneumoconiosis.[2] The diagnosis was based on characteristic lung changes revealed by x-rays, on the physician's observation and examination of the claimant, and on the claimant's medical history. This evidence, which the referee believed, is sufficient to support the factual determination of disability.

A physician testifying for the employer stated that in his opinion based on an examination of the claimant including certain lung function tests which yielded normal and "super normal" findings, the claimant's pneumoconiosis was not disabling. The employer's principal argument is that it was unreasonable and without medical basis for Dr. Levine to conclude that the claimant is disabled in the face of normal lung function test results. When questioned on this apparent inconsistency, Dr. Levine testified:

> It is very common in my experience for patients that I think are disabled due to pneumoconiosis such as this patient to have normal pulmonary function tests. I believe that this reflects the limitations of spirometry in this kind of patient. . . . The inconsistency is that the state of the art in '78 is such that there are many people that are disabled for whom you

---

[2] There is no challenge to Dr. Levine's qualifications or expertise. He has testified as an expert in many cases appealed to this court. *See, e.g., Republic Steel Corporation v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 57, A.2d (1981); *Bethlehem Mines Corporation v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 541, 423 A.2d 479 (1980); *Republic Steel Corporation v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 29, 409 A.2d 1385 (1980); *Rochester & Pittsburgh Coal Co. v. Workmen's Compensation Appeal Board,* 48 Pa. Commonwealth Ct. 550, 409 A.2d 1207 (1980).; *Workmen's Compensation Appeal Board v. Republic Steel Corporation,* 26 Pa. Commonwealth Ct. 285, 364 A.2d 513 (1976).

cannot get objective physical evidence by existing techniques and that is just the way it is. . . .

The employer's expert witness expressed his regard for the lung function tests and expressed his opinion that Mr. Atz was not disabled. The employer is faced with the here insurmountable obstacle of the rule that "[t]he relative weight to be given to the respective testimony of medical experts is exclusively for the referee to determine." *Bethlehem Mines Corporation v. Commonwealth of Pennsylvania Workmen's Compensation Appeal Board and John Stavarski*, 55 Pa. Commonwealth Ct. 541, 423 A.2d 479, 480 (1980).

The evidentiary conflict in this record as well as the employer's arguments on the appeal are not materially different from those in *Workmen's Compensation Appeal Board v. Republic Steel Corporation*, 26 Pa. Commonwealth Ct. 285, 364 A.2d 513 (1976), where we affirmed the Board's decision to grant benefits. This court has no power to reject a referee's finding that a claimant is disabled based on objective tests indicating otherwise where there is also before the referee competent evidence of permanent disability and competent expert opinion that normal test results do not invariably demonstrate the absence of disability.

Order affirmed; an appropriate judgment order will be entered.

## ORDER

AND Now, this 2nd day of March, 1981, the self-insured petitioner, U. S. Steel Corporation, is directed to pay compensation to the claimant, Rudolph Atz, for total disability in the amount of $199.00 per week, beginning October 27, 1977, and continuing into the future, all within the meaning, provisions and limitations of the Workmen's Compensation Act of June 2, 1915, as amended.

The above award against the petitioner shall bear interest on all deferred payments of compensation at the rate of ten percent (10%) per annum.

In addition, a reasonable sum for the following costs incurred by the claimant, or incurred on his behalf, is awarded. The petitioner, U. S. Steel Corporation, is directed to pay the same as follows:

1. To UMWA Compensation Department for medical bill of Dr. Macy I. Levine ........................ $73.00
2. To UMWA Compensation Department for Deposition fee of Dr. Macy I. Levine .................... $150.00
3. To UMWA Compensation Department of Stenographer's fee of Debbie Adams, Court Reporter, for the transcription of the deposition of Dr. Levine ...................... $59.00
4. To UMWA Compensation Department of copy of Deposition of Dr. E. J. Morgan .................... $15.00