Cannon Boiler Works, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Roger Norris, Respondents.

Submitted on briefs, December 11, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Stuart W. Benson, III, Brandt, Milnes, Rea & Malone,* for petitioner.

*Alexander J. Pentecost,* for respondent.

OPINION BY JUDGE ROGERS, April 16, 1981:

In this workmen's compensation case, the claimant, Roger Norris, suffered a compensable injury in the course of his employment by Cannon Boiler Works, Inc. (Cannon) on February 17, 1976, when a conveyor assembly fell and broke both of his legs. At the time of the injury, the claimant was earning an average weekly wage of $238.35. Compensation was paid for total disability from the date of injury until April 4, 1977, when the claimant returned to work and was given light work and paid an average weekly wage of $248.35. A supplemental agreement was entered into on April 12, 1977, suspending the claimant's compensation benefits.[1]

The claimant continued to perform the light duties of repairing small hand equipment until he and 13 other employees were laid off on May 14, 1977, due to a falling off of business. A review petition was filed by the claimant on May 19, 1977, alleging that he had been laid off, was disabled, and was entitled to compensation. The employer filed a responsive answer on July 13, 1977, denying the allegations. On

---

[1] Where there is a disability with a resultant loss of earning power but the employee receives as much for his services as he earned before the injury, payments of compensation must be suspended during periods when the disability is not reflected in loss of wages. *Johnson v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 527, 388 A.2d 767 (1978).

July 14, 1977, the claimant secured employment from another company as an apprentice tool-and-die maker, and his average weekly wage at this job was less than he had been paid by his previous employer. On August 12, 1977, the president of Cannon telephoned Norris to offer him the job of doing light work which had become available again. The president spoke to Mrs. Norris who said the claimant had another job and did not wish to return to Cannon. There was no further communication between the parties.

After a hearing, the referee found that the claimant was disabled for any light work which the employer had available.[2] The referee awarded the claimant full compensation payments for the period of May 15, 1977, to and including July 13, 1977, which payments are not in dispute here, and two-thirds of claimant's loss of wages after July 13, 1977, reflecting his new employment.[3]

The employer appealed from the referee's order to the Workmen's Compensation Appeal Board. The Board affirmed the referee's order and this appeal followed.

The general rule is that, once the claimant has discharged his burden of proving that, because of his injury, he is unable to do the type of work he was engaged in when injured, the employer has the burden of proving that other work is available to the claimant which he is capable of performing. *Barrett v. Otis*

---

[2] Dr. Samuel Sherman testified for the claimant as to the extensive and continuing nature of Mr. Norris' disability due to the injury of February 17, 1976.

[3] Section 306(b) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §512, provides for the following compensation: "For disability partial in character . . . sixty-six and two-thirds per centum of the difference between the wages of the injured employe . . . and the earning power of the employe. . . ."

*Elevator Co.,* 431 Pa. 446, 246 A.2d 668 (1968). This Court has recently held that, if the employer can establish that light work which a claimant could do was at all times available to him, without loss of earning power, then the employer is relieved of liability for payments for partial disability. *Warrick v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 147, 405 A.2d 1150 (1979).

Since the burden was on Cannon to prove that it offered work which Mr. Norris with his limited capacity could perform, we must look to the record to see whether the compensation authorities capriciously disregarded the employer's evidence in finding that Mr. Norris was disabled for any light work which the employer had available. *Kerchner v. Materials Transport Service, Inc.,* 29 Pa. Commonwealth Ct. 589, 372 A.2d 51 (1977).

Mr. Norris testified that he experienced pain in his legs at temperatures lower than 65° and that the area where he had performed his light duties job at Cannon was so cold that on some days he was unable to work because of the pain. The claimant further testified that he had notified the employer of the problem at the time. Cannon's evidence consisted of the testimony of its president to the effect that Cannon had in October, 1977, two months after Mr. Norris was asked to come back, constructed a new 40 foot square tool room in which the temperature would be maintained at levels which would prevent Mr. Norris from having pain in his legs and that Mr. Norris' condition would be otherwise accommodated. Cannon's president admitted that the temperature in the new tool room might fall as low as 50° but said that space heaters were also provided which would in such case be available. When questioned as to whether his statements were based on temperature tests made in

the room during the previous winter, he admitted that no such tests had ever been made during the winter.

Mr. Norris, of course, had no knowledge of the new tool room and its amenities since it did not exist until all contact he had with Cannon was ended. His counsel had Mr. Norris read the president's deposition and then recalled him. Mr. Norris testified first, that when he was asked to come back to Cannon in August, 1977, he was not offered a job working in a new tool room or under the conditions described in the president's deposition. He further testified that he could not work when the temperature was 50°, as the president said it might sometimes reach, and that, as for the space heaters, he had used them before at Cannon and that they had not been helpful to him because they radiated heat a distance of only three feet.

The evident rejection by the compensation authorities of Cannon's evidence of the asserted suitability of its arrangements for Mr. Norris' employment, in the face of Mr. Norris' rebuttal, was not an act of capricious and arbitrary disregard of the evidence of record—that is, a disbelief of evidence which someone of ordinary intelligence could not possibly challenge or for a moment doubt. *Workmen's Compensation Appeal Board v. Republic Steel Corporation,* 26 Pa. Commonwealth Ct. 285, 364 A.2d 513 (1976).

Order affirmed; an appropriate Judgment order will be entered.

ORDER

AND Now, this 16th day of April, 1981, the decision of the Workmen's Compensation Appeal Board affirming the referee's award of benefits to Roger Norris is affirmed and Cannon Boiler Works is directed to pay the claimant benefits at the rate of $158.90 per week for the period from May 15, 1977,

to July 13, 1977. Thereafter the claimant is to be paid a partial disability rate based on two-thirds of the difference of his loss in wages to be calculated by the insurance carrier upon receipt of the claimant's wages statement on a 13 week basis. Cannon is directed to reimburse claimant's counsel for reasonable costs of prosecution in the amount of $460.30.

The employer is directed to pay all reasonable medical bills which the claimant incurred as a result of his injury.

Attorney's fees in the amount of 20% of all compensation payable to the claimant is hereby awarded to the claimant's counsel, Alexander J. Pentecost, Esquire, and is to be deducted from each amount due the claimant under this award and forwarded to the claimant's counsel directly.

Interest is payable on the award.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON.