Allegheny Ludlum Steel Corp., Petitioner *v.* Workmen's Compensation Appeal Board (Pavlik), Respondents.

Argued March 12, 1985, before Judges MacPhail and Barry, and Senior Judge Barbieri, sitting as a panel of three.

*Raymond F. Keisling, Will & Keisling,* for petitioner.

*Lawrence R. Chaban, Yablonski, King, Costello & Leckie,* for respondent, Andrew S. Pavlik.

OPINION BY JUDGE MACPHAIL, May 3, 1985:

Allegheny Ludlum Steel Corporation (Employer) appeals from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's award of compensation benefits to Andrew S. Pavlik (Claimant).

Claimant worked as a welder for Employer from 1942 until May 10, 1975. On December 21, 1976, Claimant was examined by Dr. Daniel Fine who diagnosed Claimant as totally disabled as a result of occupationally induced pneumoconiosis. Dr. Fine mailed his report, which contained his diagnosis, to Claimant's counsel on or about April 27, 1977. A claim petition was filed on June 20, 1977, alleging that Claimant's disabling disease was silicosis. Written notice of the claim was given to Employer on June 20, 1977.

The principal issue in the instant case is whether Claimant gave timely notice of his occupational disease to Employer pursuant to Section 311 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §631.[1]

---

[1] Section 311 provides in part:

Our scope of review in a workmen's compensation case where, as here, the party with the burden of proof prevailed before the referee and the Board took no additional evidence is to determine whether an error of law was committed or necessary findings of fact were unsupported by substantial evidence. *Latrobe Steel Co. v. Workmen's Compensation Appeal Board (Goodman)*, 79 Pa. Commonwealth Ct. 203, 468 A.2d 1178 (1983).[2]

The Employer argues here that it did not receive timely notice of Claimant's occupational disease. Whether or not an employer received notice of the injury or had actual knowledge of the injury is a question of fact for the referee. *Miller v. Workmen's Compensation Appeal Board (Atlas Powder Co.)*, 78 Pa. Commonwealth Ct. 22, 466 A.2d 787 (1983). This Court has held that for purposes of Section 311, computing the 120 day time limit for giving notice of an occupational disease runs from the date that a claimant 1) is disabled and 2) knows or should know through the exercise of reasonable diligence of the possible relationship between the disability and his employment. *Arcadia Coal Co. v. Workmen's Compensation Appeal Board (Kubalic)*, 79 Pa. Commonwealth Ct. 148, 468 A.2d 906 (1983). The referee is

---

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe . . . shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed.

[2] Questions concerning the credibility of witnesses, the resolution of conflicts in the testimony and the weight to be given the evidence are for the referee and not the Board or this Court. *Crouse v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 430, 426 A.2d 749 (1981).

required to make a finding not only of the date that Claimant knew of the disability but also when the Claimant should have known by exercise of reasonable diligence of the existence of disability and its relationship to his employment. *City of Philadelphia v. Workmen's Compensation Appeal Board (Erlink)*, 78 Pa. Commonwealth Ct. 260, 467 A.2d 405 (1983).

In the present case, the referee found that Claimant had no reason to know of his disability prior to the time notice was given to the Employer on June 20, 1977. The employer contends that Claimant should have known of the disease on December 21, 1976, the date he was examined by Dr. Fine. The referee made the finding of fact that Claimant had not been informed on December 21, 1976, that he was totally and permanently disabled as a result of an occupational disease. Claimant specifically denied that Dr. Fine had told him he was totally and permanently disabled from a lung disease. Dr. Fine, in his deposition, said that he had no recollection of discussing his diagnosis with Claimant. Dr. Fine did not make a contemporaneous report of this examination to Claimant or anyone on his behalf at or immediately after the examination; instead, his first communication in this regard was to Claimant's counsel on April 27, 1977. In his written report, Dr. Fine unequivocally expressed his opinion that Claimant was totally disabled by pneumoconiosis. The evidence, taken as a whole, does not in our judgment compel a finding that Claimant should have known of his disability on December 21, 1976. *See Rochester & Pittsburgh Coal Co. v. Workmen's Compensation Appeal Board*, 48 Pa. Commonwealth Ct. 550, 409 A.2d 1207 (1980).

Employer next alleges that Claimant did not prove that he was exposed to a silica hazard. In the ref-

eree's initial decision of August 28, 1980, the referee found, *inter alia,* that Claimant became totally and permanently disabled due to pneumoconiosis contracted in an industry having a silica or coal hazard. In its notice of appeal, the Employer alleged that that finding, among others, was not supported by the evidence and that Claimant failed to give proper notice of his claim to the Employer. In its brief to the Board, however, the Employer only addressed the notice issue. The Board subsequently entered the following order:

> In accordance with an agreement between counsel, this case is remanded to the Referee for Findings of Fact on when the Claimant first knew or should have known he was totally disabled from an occupational disease.

Pursuant to that order, the referee conducted a further hearing solely limited to the notice issue and later made substantially the same findings as he had initially.

In its appeal to the Board from that decision, the Employer stated that the referee's findings were not based on competent evidence, that the Claimant failed to give proper notice *and* that the Claimant failed to prove that he was exposed to a silica hazard. In its brief to the Board, the Employer stated that there was no evidence to support Claimant's allegations. The only issue addressed in that brief, however, was the question of notice. The Board affirmed the referee's decision regarding notice but did not address the matter of the silica hazard.

Claimant argues to us that inasmuch as the Employer did not raise that issue before the Board, he cannot do so in this appeal. Our usual rule, of course, is that questions not raised before the Board will not be considered by this Court. *See Hugh H. Eby Co.*

*v.. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 135, 407 A.2d 148 (1979). What we must now decide is whether that rule applies in the circumstances of this case. We think it does. There can be no doubt that the issue was waived in the first appeal to the Board. Although the Employer's second effort on appeal was an improvement in this regard, its own brief limits the issue it wanted the Board to review to that of notice. We hold that to be an effective waiver of any other issue.

Order affirmed.

ORDER

The order of the Workmen's Compensation Appeal Board at No. A-84666, dated October 20, 1983, is hereby affirmed.