470 of 470 470

Hershey Estates and Pennsylvania Manufacturers' Association Insurance Co., Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Ronald F. Rhoade, Appellees.

Argued June 7, 1973, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Thomas A. Ehrgood,* with him *Ehrgood and Ehrgood,* for appellants.

*Alvin B. Lewis, Jr.,* with him *Nicholas B. Moehlmann* and *Lewis, Brubaker, Whitman & Christianson,* for appellees.

OPINION BY JUDGE ROGERS, August 2, 1973:

Ronald F. Rhoade sustained head injuries in a fall from a pole in the course of his employment as a telephone lineman. He sustained nerve and muscle injury to the left eye which caused that eye to turn in. He has double vision when looking straight, to the left or up and down. He has binocular vision only when looking to the right or by turning his head five to ten degrees to the left. The vision of his left eye is not, however, significantly impaired. The only issue in the case is whether, as Mr. Rhoade contends, he is entitled to compensation for the specific loss of the use of his left eye for which compensation should be paid under Section 306(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §513(7).

The referee and the Workmen's Compensation Appeal Board decided in the claimant's favor and the employer has appealed to us, asserting that the finding that the appellant had lost the use of his left eye was not supported by sufficient competent evidence. The award having been in favor of the claimant, we are required to consider the testimony in the light most favor-

able to him. *Nelson v. Borough of Greenville*, 181 Pa. Superior Ct. 488, 124 A. 2d 675 (1956). It is our duty to examine the record and determine, not whether we would have made the same findings as the authorities, but whether the evidence is such that a reasonable person, acting reasonably, might reach the same conclusion on the facts as did those authorities. *Sabatini v. Affiliated Food Distributors, Inc.*, 6 Pa. Commonwealth Ct. 470, 295 A. 2d 845 (1972); *A. P. Weaver and Sons v. Sanitary Water Board*, 3 Pa. Commonwealth Ct. 499, 284 A. 2d 515 (1971).

The employer adduced no evidence. The claimant's evidence consisted of the testimony of two well qualified attending physicians and his own account of his symptoms. The physicians described the claimant's condition as that of double vision except when his gaze is directed to the right. One of them testified as follows: "I have no knowledge of whether he is employed or not. However, he certainly would not be able to do any work that would require binocular vision. That is two eyes working together. Climbing or any hazardous occupation would be even more hazardous with his eye muscle condition." The claimant describes his condition in the following terms: "A. Why, to look to my right, I'm o.k. but to look to my left and stare at something, it gets blurry and if I'm tired or something, it really bothers me. Q. Can you see normally when you look straight ahead? A. No, not straight ahead. I get double vision. Q. And when you look down? A. Double vision. Q. Up? A. Double vision. Q. To your right? A. Clear. Everything is individual. Q. To your left? A. Double vision."

The claimant has been steadily employed in his occupation as an electrical lineman and has had no loss of earnings. The employer argues strenuously that these circumstances prove that the claimant has not

lost the use of his left eye within the meaning of the law. Continued employability and earnings are not the test in this kind of case.

The standard to be applied in the determination of whether compensation for the specific loss of the use of an eye is due, where the eye has been injured but not entirely destroyed, has been the subject of numerous and lengthy opinions. We will not repeat the history of the development of the law or analyze in detail the cases bearing on the subject, some of which are: *De-Vore v. Atlantic Manufacturing Company,* 208 Pa. Superior Ct. 224, 222 A. 2d 431 (1966) ; *Shannon v. Turissini,* 190 Pa. Superior Ct. 522, 154 A. 2d 310 (1959) ; *Oliver v. Westinghouse Electric Corporation,* 186 Pa. Superior Ct. 604, 142 A. 2d 486 (1958) ; *McClemens v. Penn Auto Parts,* 181 Pa. Superior Ct. 542, 124 A. 2d 623 (1956) ; *Stachowski v. Incorporated Real Estate Investors,* 174 Pa. Superior Ct. 152, 100 A. 2d 140 (1953) ; *Diaz v. Jones & Laughlin Steel Corporation,* 170 Pa. Superior Ct. 608, 88 A. 2d 801 (1952) ; *Diaz v. Jones & Laughlin Steel Corporation,* 155 Pa. Superior Ct. 177, 38 A. 2d 387 (1944). The ultimate test finally arrived at, after much travail, is that of whether the injured eye was lost for all practical intents and purposes, not whether claimant in fact has vision in the injured eye. In facilitation of the application of the ultimate test, a further standard has been adopted: Compensation may not be had if, using both eyes, the claimant can see better, in general, than by using the uninjured eye alone (*Diaz v. Jones & Laughlin Steel Corporation, supra; Stachowski v. Incorporated Real Estate Investors, supra*) ; or, as otherwise stated, there may be compensation if the use of the injured eye does not contribute materially to the claimant's vision in conjunction with the use of the normal eye (*McClemens v. Penn Auto Parts, supra*). The most recent case is

*DeVore v. Atlantic Manufacturing Company, supra.*
There the claimant, although the vision of his injured
eye was otherwise impaired, also was left with only
partial binocular vision, and an award of compensa-
tion was affirmed.

There being uncontradicted evidence that claimant
suffers double vision in all fields of vision except to
the right, the compensation authorities' finding that
he has lost the use of the left eye for all practical in-
tents and purposes seems to us to be supported by the
evidence. There is sufficient proof that the injured
eye does not contribute materially to his vision in con-
junction with the use of his normal eye; rather, it is
a detriment. The award therefore was proper.

### Order

And now, to wit, this 2nd day of August, 1973, judg-
ment is ordered to be entered in favor of the claimant
and against the defendant, Hershey Estates, and its
insurance carrier, Pennsylvania Manufacturers Associa-
tion Insurance Co., in the amount of Seven Thousand
One Hundred and Twenty-Five Dollars ($7125.00), be-
ing compensation at the rate of $47.50 for 150 weeks,
together with interest at the rate of six percent (6%)
per annum on each deferred weekly installment, com-
mencing with that due November 28, 1965.