Neshaminy Construction Co. and Bituminous Casualty Co., Petitioners v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John H. Martin, Respondents.

Argued April 5, 1979, before Judges BLATT, DI-SALLE and MACPHAIL, sitting as a panel of three.

*Lowell A. Reed, Jr.,* with him *Peter J. Weber,* and *Rawle & Henderson,* for petitioners.

*Carl M. Mazzocone,* with him *Charles F. Quinn,* and *Mazzocone & Quinn, P.C.,* for respondents.

OPINION BY JUDGE DiSALLE, June 15, 1979:

This is a petition for review filed by Neshaminy Construction Co. (Employer) seeking reversal of an award of specific loss benefits to John Henry Martin (Martin). We affirm.

On May 30, 1974, Martin sustained an injury to his left eye while in the course of his employment with Employer. He received disability benefits until June 10, 1974, at which time he returned to work with no loss of earnings. On or about January 29, 1975, Martin filed a claim petition under Section 306(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513, alleging the loss of use of his left eye.

Each party agrees that the applicable law appears in *Curran v. Walter E. Knipe and Sons, Inc.,* 185 Pa. Superior Ct. 540, 547, 138 A.2d 251, 255 (1958), wherein Judge WOODSIDE stated that in determining the occurrence of a specific loss, the test is "whether the claimant has suffered 'the permanent loss of use of the injured member for all practical intents and purposes.' ... However, it is not necessary that the injured member of the Claimant be of absolutely no use in order for him to have lost the use of it for all practical intents and purposes.''

This Court has reiterated that standard on numerous occasions. *See Teledyne Penn Union Electric v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 256, 392 A.2d 359 (1978); *Gindy Manufacturing Co. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 128, 378 A.2d 492 (1977). In *Hershey Estates v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 470, 474, 308 A.2d 637, 640 (1973), we upheld an award to a claimant who suffered an eye injury, finding "sufficient proof that the injured eye [did] not contribute materially to his vision in conjunction with the use of his normal eye."

Here, both the referee and the Workmen's Compensation Appeal Board found that Martin suffered the specific loss of use of his left eye and thus deserved benefits. Employer argues, unpersuasively, that there exists no substantial evidence to support the referee's findings that Martin has lost the use of his left eye for all intents and purposes and that the injured eye does not materially contribute to Martin's overall vision.

Employer points to the testimony of its expert witness, Dr. Philip Spaeth, who testified that when using both eyes Martin has relatively normal vision. Martin's expert witness, Dr. Myron Yanoff, however, described Martin as having the reverse of tunnel vision in his left eye, that is, a complete loss of central vision surrounded by an area of foggy vision. He analogized Martin's visual acuity to a donut: black in the center and blurred around the edges. Even Dr. Spaeth characterized Martin as having only "getting around vision" in his left eye, in that he can perceive objects and motion, while remaining unable to identify those objects.

The referee, whose job it is to judge the credibility of witnesses, chose to give more credence to the testimony of Dr. Yanoff than to that of Dr. Spaeth. We

need cite no authority for the well established proposition that the referee determines credibility and resolves conflicting evidence. We have absolutely no difficulty whatsoever with the referee's finding that Martin's left eye, which sees nothing in the center of its field of vision and only fuzziness around the periphery, is lost to him for all practical intents and purposes and that it does not contribute materially to his total vision. We affirm.

ORDER

AND Now, this 15th day of June, 1979, the order of the Workmen's Compensation Appeal Board, dated August 10, 1978, granting benefits to John Henry Martin, is affirmed, and judgment is entered on the award. The defendant, Neshaminy Construction Co., Inc. and/or its insurance carrier, Bituminous Casualty Insurance Co., is ordered to pay Mr. Martin the sum of $106.00 per week, beginning on June 10, 1974, for a period of 275 weeks.

Attorney fees are approved at twenty percent (20%) of the compensation awarded. Interest at the rate of ten percent (10%) per annum shall be paid on the unpaid balance.