Harry L. Greenwald, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and James L. Reinard, Respondents.

Argued May 6, 1981, before President Judge CRUMLISH and Judges BLATT and WILLIAMS, JR., sitting as a panel of three.

*Gregory M. Kruk, Ferraro & Young,* for petitioner.

*Leonard P. Kane,* with him *Joseph F. Grochmal, Carl B. Fried, Fried, Kane, Walters & Zuschlag,* for respondent, James L. Reinard.

OPINION BY JUDGE WILLIAMS, JR., July 23, 1981:

Claimant, Harry L. Greenwald, appeals from an order of The Pennsylvania Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying him workmen's compensation benefits.

In October, 1973, claimant was employed as a general laborer for a construction contractor when, in the course of his duties, he was struck on the head by a falling hammer. The blow caused a rupturing of blood vessels in claimant's right eye resulting in a vitreous hemorrhage in that organ. On January 15, 1974, employer filed a Notice of Compensation Payable, and the claimant received total disability benefits from December 27, 1973 until January 8, 1974.

In May, 1974, after claimant had ceased receiving benefits, he filed a Claim Petition alleging that his

disability had reoccurred and that he had suffered a specific loss of his right eye. That Claim Petition was later amended to be a Petition to Set Aside a Final Receipt. A referee's hearing was held in this matter, after which the referee awarded claimant benefits for the loss of the use of his right eye. The referee's award was appealed to the Board and the Board set aside that award and remanded the matter to the referee. The Board ordered the referee to make findings of fact as to whether claimant had complied with the standard set forth in the case of *Hershey Estates v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 470, 308 A.2d 637 (1973) for determining the entitlement to compensation for an alleged specific loss of the use of an eye.[1] Thereafter, the referee again awarded claimant specific loss benefits. On appeal to the Board, the referee's second decision was set aside, and the case was once more remanded to the referee for further findings of fact. The Board felt that the referee had once again failed to find facts showing that the claimant had met his burden of proof under the *Hershey Estates* case. In addition, the Board indicated that the referee should make a determination as to the role the hammer blow of October, 1973, played in the eventual loss of vision in claimant's right eye.

After the third remand hearing, the referee denied benefits to the claimant. The referee found that the initial blow to claimant's head caused a hemorrhage in his right eye, but that the hemorrhage was subsequent-

---

[1] The *Hershey Estates* case held that in determining whether compensation for the specific loss of the use of an eye is due, where the eye has been injured but not totally destroyed, it must be decided whether the injured eye was lost for all practical intents and purposes. Compensation is payable if the use of the injured eye does not contribute materially to the claimant's vision in conjunction with the use of the normal eye.

ly treated and his vision restored.[2] The referee further found that the claimant did not prove by unequivocal medical evidence that the loss of the use of his right eye was caused by the hammer blow. Claimant's medical witness testified at the hearing that claimant suffered from diabetic retinopathy and that he could not state with certainty whether claimant would have lost the vision in his right eye even if he had not been struck on the head. The referee determined that claimant's blindness was caused not by the hammer blow, but rather by the natural progression of his diabetic retinopathy. The claimant appealed the referee's decision and the Board affirmed. The claimant's appeal to this Court followed.

The sole issue facing this Court is whether the referee erred in requiring claimant to prove, by unequivocal medical evidence, that the loss of vision in his right eye was caused by his work-related injury. It is claimant's contention that the referee, in ruling on this case, imposed too strict a burden of proof on him. The claimant argues that he should be denied benefits only if it can be shown that his loss of vision issued solely from his preexisting disease and not from his injury. We cannot agree.

This Court has previously established that where no obvious causal connection exists between a claimant's injury and the alleged cause, unequivocal medical evidence must be produced to establish that a relationship exists between the injury or condition and the work related incident. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Medical testimony which is less than positive is not

---

[2] Referring to the visual impairment that first followed the hemorrhage and not the second loss of vision that is the subject of the May, 1947, petition and the instant litigation.

legally competent. *Westmoreland Casualty Co. v. Workmen's Compensation Appeal Board*, 36 Pa. Commonwealth Ct. 307, 387 A.2d 683 (1978). Furthermore, in cases where a preexisting ailment or defect is a factor, a claimant for specific loss is entitled to recovery only if he can establish by competent medical evidence that the work incident in question caused or materially contributed to the specific loss injury, rather than that the condition resulted from the normal progress of the preexisting infirmity. *See Halaski v. Hilton Hotel*, 487 Pa. 313, 409 A.2d 367 (1979).

In the instant case, no obvious causal relationship existed between claimant's vision loss and the blow he sustained to his head. Therefore, the claimant was responsible for establishing, by unequivocal medical evidence, that such a relationship existed. Since claimant failed to present the required medical evidence, he did not sustain his burden of proving that he qualified for workmen's compensation benefits.

For the above stated reasons, we must affirm the decision of the Board denying claimant benefits.

ORDER

AND Now, the 23rd day of July, 1981, the Order of The Pennsylvania Workmen's Compensation Appeal Board at Decision No. A-77614 is affirmed.