Armco Steel Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Joseph A. Magnone), Respondents.

Argued May 7, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*John J. Petrush, Petrush & Miller, Ltd.,* for petitioner.

*Edwin H. Beachler, McArdle, Caroselli, Spagnolli & Beachler,* for respondent, Joseph J. Magnone.

OPINION BY JUDGE BLATT, August 4, 1982:

Armco Steel Corporation (Armco), the employer, appeals from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award to Joseph A. Magnone (claimant) for the permanent loss of his right eye under Section 306(7) of The Pennsylvania Workmen's Compensation Act.[1]

On August 11, 1973, the claimant, while in the course of his employment as a millwright helper, sus-

---

[1] (Act) Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513(7). Section 306(24) of the Act, 77 P.S. §513(24), provides that permanent loss of the use of a body part, such as an eye, shall be considered the equivalent of the actual physical loss of such body part. "This language by settled judicial construction means that 'the permanent loss of its use *for all practical intents and purposes'* amounts to the loss of an eye, compensable as such under §306(c)." *Stachowski v. Incorporated Real Estate Investors,* 174 Pa. Superior Ct. 152, 154, 100 A.2d 140, 141 (1953) (emphasis in original). *See Neshaminy Construction Co. v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 357, 402 A.2d 1111 (1979).

tained two injuries to his right eye. The first occurred when a fellow employee threw a metal nut into a bucket of kerosene the claimant was leaning over while cleaning some tools, causing kerosene to splash into the claimant's eye. He irrigated the eye with water and apparently, having no subsequent problem, returned to his duties. Several hours later, however, while utilizing[2] a 15-pound sledge hammer, he experienced blurring of his vision and soon thereafter a substantial loss of vision in his right eye.

At the referee's hearing, Dr. Carlisle E. McKee, an opthalmologist, testified that he had examined the claimant and, after performing various corroborative clinical tests, that it was his opinion that the action of the claimant in swinging the sledge hammer had caused a "dilated branch" of the central retinal vein which resulted in multiple hemorrhages within the right eye. The claimant testified that he was unable to read with his right eye, can only see light and images, and has difficulty in judging distances.[3] The referee found that:

> the claimant has lost the use of his right eye for all practical intents and purposes. The only visual acuity remaining in the right eye is the claimant's ability to distinguish shadow against light. It is useless for normal functions when utilized alone or in conjunction with the left eye, such as reading, identification, depth perception, and so on.

The Board, without taking additional evidence, affirmed the award of benefits.

---

[2] The referee found that due to the nature of the claimant's job that day, he was required to swing the sledge hammer downward between his legs and that such action caused his head to be forcibly flung forward.

[3] The claimant described his vision in his right eye as looking through wax paper.

Where, as here, a claimant prevails before the referee and the Board takes no additional evidence, our scope of review is limited to a determination of whether or not constitutional rights were violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence. *American Refrigerator Equipment Co. v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

The standard for determining whether compensation for the specific loss of an eye should be awarded where the eye has been injured but not destroyed, is as follows:

> whether the injured eye was lost *for all practical intents and purposes*, not whether claimant in fact has vision in the injured eye. If so, compensation follows. In facilitation of the application of the ultimate test, a further standard has been adopted: Compensation may not be had if, using both eyes, the claimant can see better, in general, than by using the uninjured eye alone ... or, as otherwise stated, there may be compensation if the use of the injured eye does not *contribute materially* to the claimant's vision in conjunction with the use of the normal eye....

*Hershey Estates v. Workmen's Compensation Appeal Board*, 9 Pa. Commonwealth Ct. 470, 473, 308 A.2d 637, 639 (1973) (emphasis added; citations omitted). *See Greenwald v. Workmen's Compensation Appeal Board*, 61 Pa. Commonwealth Ct. 34, 432 A.2d 1133 (1981); *Rohm and Haas Company v. Workmen's Compensation Appeal Board*, 51 Pa. Commonwealth Ct. 184, 414 A.2d 163 (1980).

Armco argues here that no substantial evidence exists to support a finding that the claimant has lost the use of his right eye for all practical intents and pur-

poses. It contends that the claimant's right eye contributes materially to his vision when used in conjunction with his other normal eye. The so-called "material contribution" test, however, as synthesized in *Hershey Estates*, requires the factfinder to determine if the claimant's vision is materially improved when using both eyes rather than the good eye alone "not just whether the claimant in fact has vision in the injured eye." *Id.* at 473, 308 A.2d at 639. Here, the record clearly indicates that the overall unrebutted testimony of the claimant's medical expert was that the use of the claimant's right eye with his good left eye is of only negligible benefit. And, inasmuch as the referee found that the right eye was *"useless for normal functions when utilized in conjunction with the left eye"* we believe that the "material contribution" standard was considered and satisfied below.[4]

Finding that there has been no error of law and that the Board's conclusion as to the loss of the claimant's vision for all practical intents and purposes[5] is supported by substantial evidence in the record, we will affirm the order of the Board.

ORDER

AND Now, this 4th day of August, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

IT IS FURTHER ORDERED that judgment be entered in favor of respondent Joseph A. Magnone and against petitioner Armco Steel Corporation at the rate of

---

[4] Thus, the referee's failure to use the words "materially contributed" does not require a remand where it is clear that he applied the proper standard that this term of art represents.

[5] *See Neshaminy Construction Co.*, (foggy vision in bad eye sufficient to enable claimant to "get around" held to be lost for all practical intents and purposes).

$100.00 per week for the period beginning on August 17, 1973 and continuing through November 14, 1978, inclusive, a period of 273 5/7 weeks, in the total amount of $27,371.43. All deferred payments of compensation shall bear the statutory rate of ten percentum per annum pursuant to Section 406.1 of the Act. Additionally it is ordered that the petitioner shall pay all medical expense incurred by the respondent as a result of the treatment rendered by Dr. Pochapin upon receipt of bills from the doctor.

Attorney fees, as agreed upon between the respondent and his counsel, in the amount of $5,200.00 are approved, and the petitioner, self-insured, is directed to deduct said amount from the deferred compensation due the claimant and forward it directly to: Edwin H. Beachler, Esquire, 1100 Law and Finance Bldg., Pittsburgh, PA. 15219.

All remaining payments of interest and compensation shall be paid by bankdraft issued in the name of the respondent only and mailable directly to his address by registered mail with a return receipt requested or in the alternative personally delivered to him.