Charles N. Hoffman, Petitioner *v.* Workmen's Compensation Appeal Board (Mitchell Transport, Inc.), Respondents.

Argued November 13, 1984, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Gregory Fox,* with him, *Kenneth E. Fox, Jr.,* for petitioner.

*James A. Wood, Trushel, Wood & Israel,* for respondents.

OPINION BY JUDGE PALLADINO, January 10, 1985:

Charles N. Hoffman, Claimant, appeals from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of a referee denying Claimant benefits under the Pennsylvania Workmen's Compensation Act.[1]

Claimant was employed as a truck driver by Mitchell Transport, Inc. (Employer), when he was injured in an accident while driving a company truck on February 26, 1979. After receiving treatment for pain in his left shoulder and right arm, Claimant returned to work shortly thereafter. Approximately one year later, February 19, 1980, Claimant began experiencing neck pain which eventually required corrective surgery. Claimant alleges that his neck condition and resulting surgery were caused by his work-related injury one year earlier. The referee found that the two events were unrelated and that Claimant failed to meet his burden of proving a connection between his work-related injury and his recent neck condition. In stating that the referee was free to accept or reject medical testimony, in whole or in part, the Board affirmed the referee's decision.

Preliminarily we note that in reviewing decisions from the Board where the party with the burden of proof failed to prevail below, we must determine whether the factual findings are consistent with each other and with the conclusions of law and whether they can be sustained without a capricious disregard of competent evidence, leaving questions of credibility to the fact finder. *Coastal Tank Lines, Inc. v. Work-*

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1603.

*men's Compensation Appeal Board,* 72 Pa. Commonwealth Ct. 308, 457 A.2d 149 (1983).

Claimant argues that the referee erred in accepting the testimony of the Employer's physician who did not personally examine the Claimant, and rejecting Claimant's doctor's testimony. As the Board correctly pointed out, the fact finder can accept or reject the testimony of any witness in whole or in part, and the acceptance or rejection of same does not constitute a capricious disregard of competent evidence. *Buckingham v. Workmen's Compensation Appeal Board,* 57 Pa. Commonwealth Ct. 83, 425 A.2d 890 (1981).

Finally, Claimant asserts that the referee incorrectly found that Claimant did not begin experiencing pain until approximately one year after his accident. Bearing in mind that Claimant's accident occurred on February 26, 1979, Claimant's own testimony supports the referee's findings:

[Claimant's attorney]

Q. The reason we are here today is for incidents that started in February of 1980, is that right? It is for a chain of events that started in February of 1980?

[Claimant]

A. Yes, this problem with my neck started in 1980, yes.

Q. When did you first notice it in 1980?

A. To my best recollection it was on February 19th I noticed it. I had made a trip to Pittsburgh and came back and went to Massillon, Ohio.

Q. That is the day you noticed it was February 19th, and what particular [sic] did you notice?

A. Pain started in my spine in my neck.

N.T. pp. 4-5.

Having found no evidence of a capricious disregard of competent evidence and consistency among the findings of fact and conclusions of law, we affirm the Board's decision.

ORDER

AND Now, January 10, 1985, the decision of the Workmen's Compensation Appeal Board, No. A-82311, is affirmed.