Byron Garrison, Petitioner *v.* Workmen's Compensation Appeal Board (Commonwealth of Pennsylvania, Subsequent Injury Fund), Respondent.

Argued December 13, 1984, before Judges MAC-PHAIL and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Paul V. Tatlow*, with him, *Thomas F. McDevitt, Thomas F. McDevitt, P.C.*, for petitioner.

*Henry A. Riley*, Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, April 9, 1985:

This is a petition for review of an order of the Workmen's Compensation Appeal Board (Board) affirming the order of the referee. We vacate and remand.

The referee found the following facts:

1. While working for Central-Penn National Bank as a collector claimant was suffering from a bilateral non-occupational glaucoma with a slightly impaired vision of the right eye, but a severely limited vision of the left eye.

2. On May 31, 1977 he had a work related auto accident resulting in the loss of his right eye.

3. As a result of this accident he suffered a temporary total disability from 6/1/77 to 8/9/77.

4. Sometime subsequent to this accident he lost the vision of his left eye, as a result of the non-occupational glaucoma.

Claimant was awarded temporary total disability from June 1, 1977 to August 9, 1977 and compensation for the loss of his right eye for 275 weeks from August 10, 1977.

Claimant then filed a subsequent injury claim petition alleging that he was entitled to additional compensation resulting from the loss of his left eye.[1]

No witnesses were presented at the hearing on the subsequent injury petition. Instead, the findings of the referee, as set forth above, were based on a stipulation of counsel which was drawn from the evidence in the first hearing. At the hearing on the first petition, claimant testified that he was able to get around normally.

Also at this hearing an ophthalmologist, Dr. Michael L. Kay, testified and it was his testimony that formed the basis of the stipulation of counsel and the findings of the referee at the subsequent injury hearing, that the claimant had severely limited vision of his left eye.

The subsequent injury petition was dismissed by the referee who concluded that the claimant failed to carry his burden of proving that the loss of his right eye was subsequent to a permanent loss of his left eye. This was affirmed by the Board.

---

[1] Section 306(i) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. 516, says in part:

If an employee who has incurred (through injury or otherwise) permanent partial disability, through the loss of . . . one eye, incurs total disability through a subsequent injury, causing loss, or loss of use of . . . another eye, he shall be entitled to additional compensation.

Claimant had requested the Board to remand the case to the referee for a clarification of Dr. Kay's testimony, which was denied.

The claimant contends that the referee's finding of a severely limited vision of his left eye is equivalent to a permanent partial disability.

The Commonwealth contends that the facts were stipulated and that there is sufficient competent evidence to prove such facts.

The issue is whether claimant suffered the loss of the use of his left eye prior to the loss of the use of his right eye.

Where, as here, the decision below is against the party having the burden of proof, this Court's scope of review is limited to determining whether the findings of fact are consistent with each other and whether they can be sustained without a capricious disregard of competent evidence, and whether there was an error of law. *Workmen's Compensation Appeal Board v. F. W. Woolworth Company,* 19 Pa. Commonwealth Ct. 413, 338 A.2d 784 (1975).

The standard for determining whether there is the loss of an eye for compensation purposes is whether the eye is lost for all practical intents and purposes and not whether the claimant in fact has vision in the eye. This requires the fact finder to determine whether, in this case, the left eye contributed materially to his vision when used in conjunction with his right eye, prior to the accident. If not, then he had lost the use of his left eye. *Hershey Estates v. Workmen's Compensation Appeal Board,* 9 Pa. Commonwealth Ct. 470, 308 A.2d 637 (1973); *Armco Steel Corporation v. Workmen's Compensation Appeal Board (Magnone),* 68 Pa. Commonwealth Ct. 118, 448 A.2d 673 (1982).

It was the referee's duty to determine whether the claimant had lost the use of his left eye for all practical purposes prior to the loss of the use of his right

eye. That conclusion cannot be drawn from the medical testimony and claimant's testimony that he was able to get around normally before the accident.[2]

While the referee's failure to use the words "materially contributed" does not require a remand, this Court must determine from the record whether he applied the proper standard. His failure to do so is an error of law. *Armco Steel Corporation.*

This case is vacated and remanded for further testimony so that a determination of the use of the proper standard may be made.

ORDER

The order of the Workmen's Compensation Appeal Board, No. A-84593, dated August 25, 1983, is hereby vacated and the matter remanded for a decision consistent with this opinion. Jurisdiction is relinquished.

Judge WILLIAMS, JR. did not participate in the decision in this case.

---

[2] In *Neshaminy Construction Co. v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 357, 402 A.2d 1111 (1979), the court held that although a foggy vision in the bad eye was sufficient to enable the claimant to "get around," yet it was a lost eye for all practical intents and purposes.