504 A.2d 977

Richard J. Porter, Deceased, Priscilla Porter, Widow *v.* Combustion Engineering, Inc., and Commonwealth of Pennsylvania, Bureau of Workers' Compensation.   Commonwealth of Pennsylvania, Bureau of Workers' Compensation, Appellant.

Submitted on briefs July 2, 1985, to Judges MAC-PHAIL, DOYLE and BARRY, sitting as a panel of three.

*Thomas D. Gould,* Assistant Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE BARRY, February 14, 1986:

This appeal follows an award of benefits for funeral expenses by a referee, affirmed by the Workmen's Compensation Appeal Board (board) and the Washington County Court of Common Pleas (trial court) to Priscilla Porter (claimant).

The claimant's deceased, Richard J. Porter, died on October 9, 1978, of a myocardial infarction brought on by arteriosclerotic heart disease. In addition, chronic bronchitis and emphysema were listed on the deceased's death certificate as "other significant conditions contributing to death but not related" to the infarction. Following the deceased's demise, the claimant filed a fatal claim petition under the Pennsylvania Occupational Disease Act seeking funeral benefits only.[1] The petition was granted by the referee, and that decision was upheld by the board and the trial court. The appellant Commonwealth of Pennsylvania[2] has maintained throughout that the referee was in error in finding that the deceased's admitted silicosis contributed to his death, thus making the funeral expenses reimbursable.

We are mindful that our review in the present controversy is limited to a determination of whether necessary findings of fact were supported by substantial

---

[1] Compensation for funeral benefits is statutorily provided for in section 307 of the Act, which allows reimbursement of "the reasonable expense of burial, not exceeding $750. . . ." 77 P.S. §1407.

[2] In earlier proceedings, the Commonwealth had been found liable under section 301(g) of the Act, 77 P.S. §1401(g), after the claimant filed a petition for total disability due to silicosis. The Commonwealth was thus appropriately named as a defendant in the present petition.

evidence. *Thiele, Inc. v. Workmen's Compensation Appeal Board,* 83 Pa. Commonwealth Ct. 286, 477 A.2d 51 (1984). The specific standard applicable in fatal claim petitions under the Occupational Disease Act was enunciated by the Supreme Court in *McCloskey v. Workmen's Compensation Appeal Board,* 501 Pa. 93, 460 A.2d 237 (1983):

> [W]here there are multiple causes of death and the immediate cause was non-compensable, the requirements of §301(c)(2) may be met by a showing with unequivocal medical evidence that the deceased suffered from an occupational disease and that it was a substantial, contributing factor among the secondary causes in bringing about death.

501 Pa. at 101, 460 A.2d at 241.[3] *See also Kusenko v. Republic Steel Corp.,* 506 Pa. 104, 107, 484 A.2d 374, 376 (1984).

We thus must decide whether "a reasonable man, acting reasonably" could have concluded from the evidence presented that the decedent's silicosis was a substantial, contributing factor to his death. *Workmen's Compensation Appeal Board v. Mifflin-Juniata State*

---

[3] Section 301(c)(2), 77 P.S. §411(2), provides, in pertinent part, as follows:

(2) The terms 'injury,' 'personal injury,' and 'injury arising in the course of his employment,' as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in section 108 of this act: Provided, That whenever occupational disease is the basis for compensation, for disability or death under this act, it shall apply only to disability or death resulting from such disease and occurring within three hundred weeks after the last date of employment in an occupation or industry to which he was exposed to hazards of such disease: And provided further, That if the employe's compensable disability has occurred within such period, his subsequent death as a result of the disease shall likewise be compensable.

*Health Foundation,* 19 Pa. Commonwealth Ct. 133, 137, 338 A.2d 691, 694 (1975).

The trial court, applying *McCloskey,* found as follows:

> Despite the fact that the silicosis was not the immediate cause of . . . death, considering the totality of the evidence the court finds that [the silicosis] was a significant, contributing factor. Therefore, the court holds that there was unequivocal medical evidence before the referee that the decedent suffered from an occupational disease and that it was a substantial factor in his death.

Trial court opinion at 5.

We are, however, unable to discern any evidence that would adequately support this conclusion of the trial court. The only "medical" evidence submitted by the claimant was the deceased's death certificate, which fails to list silicosis as even a "contributing" condition to death;[4] and, although the claimant testified that the deceased became increasingly short of breath in the last months of his life, the deceased also suffered from emphysema, which would also cause such an ailment. Beyond the mere fact that the deceased had been diagnosed previously as suffering from silicosis, there is absolutely no suggestion on the

---

[4] Death certificate diagnoses "may be questioned, and are open to explanation and contradiction." *Scranton Corp. v. Workmen's Compensation Appeal Board,* 82 Pa. Commonwealth Ct. 604, 607 n. 3, 477 A.2d 5, 7 n. 3 (1984). Thus, the claimant was free to go beyond the adverse implication of the death certificate and demonstrate with other medical testimony that the extant silicosis played a substantial role in the deceased's death. In the present controversy, however, the claimant has failed to advance any medical testimony, choosing to rely only on the prior finding that the deceased suffered from the disease.

154

record presented to us that the latter disease was a "substantial, contributing factor" to his death.[5]

The referee's factual finding that silicosis "contributed in a substantial manner" to the deceased's death was not supported by sufficient evidence, and thus the standard in *McCloskey* has not been satisfied.

Accordingly, the order of the trial court is reversed.

ORDER

Now, February 14, 1986, the order of the Court of Common Pleas of Washington County, entered May 10, 1984, at No. 221 October Term, 1979, A.D., is reversed.

---

[5] Decisions applying *McCloskey* allowing a claimant to recover have involved the advancing of at least *some* quantity of supporting medical testimony. *See, e.g.*, *SEPTA v. Workmen's Compensation Appeal Board (Saxon)*, 82 Pa. Commonwealth Ct. 590, 594-95, 477 A.2d 9, 11-12 (1984); *Standard Steel Co. v. Workmen's Compensation Appeal Board (Pruitt)*, 82 Pa. Commonwealth Ct. 546, 549, 476 A.2d 993, 994-95 (1984).