517 A.2d 568

Walter E. Bauer, Petitioner *v.* Workmen's Compensation Appeal Board (Ram Construction Co., Inc. and CNA Insurance Company, Insurance Carrier), Respondents.

Argued October 9, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

Held: Affirmed. Application for reargument filed and denied.

*Richard C. Schomaker*, for petitioner.

*J. Lawson Johnston*, with him, *Eugene F. Scanlon, Jr., Dickie, McCamey & Chilcote, P.C.*, for respondents.

OPINION BY JUDGE CRAIG, November 6, 1986:

In this workmen's compensation case, the claimant, Walter E. Bauer, appeals the Workmen's Compensation Appeal Board's affirmance of a referee's dismissal of his claim for compensation for the specific loss of his right eye. We affirm.

According to the referee's findings, the claimant injured his right eye while working as a mechanic on March 3, 1980. He received compensation for total disability until he returned to work on June 30, 1980. He then submitted a claim petition for the specific loss of his right eye under section 306(c) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513. Initially, the referee ruled that the claimant did not meet his burden of establishing entitlement to compensation for a specific loss because his medical expert did not provide sufficient data about the binocular incapabilities of the claimant's uncorrected right eye.

The board remanded the claim to the referee to develop a record on the precise issue of the claimant's binocular incapabilities. The parties agree that the relevant inquiry is whether the use of the uncorrected injured eye contributes materially to the claimant's vision in conjunction with the use of the uninjured eye. *Miller v. Workmen's Compensation Appeal Board (Certain-Teed Corp.),* 91 Pa. Commonwealth Ct. 253, 496 A.2d 1337 (1985).

At the remand hearing, counsel elicited testimony from two of the claimant's treating physicians and from an independent ophthalmologist who had examined the claimant. The referee, after hearing the testimony from each doctor, found that:

> The use of the right eye without correction, contributes materially to claimant's vision in conjunction with the use of the other eye.

> The use of the right eye in conjunction with the left eye does not contribute to claimant's central vision.
>
> The use of the right eye in conjunction with the left eye does contribute substantially, significantly, and materially to the claimant's peripheral vision. The benefit to the claimant from the aid to peripheral vision resulting from the use of the right eye as uncorrected, is of such benefit that we are unable to find that he has lost the use of the right eye for all practical intents and purposes.

(Referee's Finding of Fact No. 18.)

We have held that, in workmen's compensation cases, a referee may accept or reject the testimony of any witness, and that to accept certain competent testimony and to reject other testimony does not constitute a capricious disregard of competent evidence. *Hoffman v. Workmen's Compensastion Appeal Board (Mitchell Transport, Inc.)*, 87 Pa. Commonwealth Ct. 44, 485 A.2d 1235 (1985). The claimant argues that the referee capriciously disregarded competent evidence in arriving at Finding of Fact No. 18, quoted above.

More precisely, the parties do not dispute that there is ample competent testimony in the record to support the second and third sentences of the referee's Finding No. 18. The specific issue raised is whether the claimant's right eye contributes materially to his overall vision when the record reveals that the claimant's right eye does not contribute to his central vision but does materially contribute to his peripheral vision.

Of the three medical experts who testified, all agreed that the uncorrected right eye provided an additional peripheral field of vision. The claimant contends, however, that only one expert, Dr. Baker, testified as to the materiality of this contribution:

Q: Dr. Baker, what is binocular vision?

A: Binocular vision is the use of the two eyes in unison to view an object.

Q: When Walter Bauer's right eye remains uncorrected, in your opinion, does it contribute materially to binocular vision?

A: In my opinion, the right eye would not contribute materially because the vision would be so unequal in the two eyes. And to have binocularity, you have to have fairly equal vision in the two eyes. That would be when his right eye is in the uncorrected state, in the natural state, without a lens or contact lens on.

. . . .

Q: Does this side vision in Mr. Bauer's injured and uncorrected right eye contribute in a material way to his overall and binocular vision?

A: In my opinion, it would not.

Q: Is it the case that the contribution would be minimal?

A: That's correct.

The other experts, Drs. Doft and Vey, also testified at length concerning the contribution of the uncorrected right eye to the claimant's peripheral vision. However, Dr. Doft rebutted Dr. Baker's opinion that the claimant's right eye peripheral vision capabilities do not materially contribute to his overall vision as follows:

There are different very important aspects to vision; one is the ability to see centrally. Without question, Mr. Bauer's ability to see things clearly in the absence of a corrective lens is markedly decreased. However, these tests also show that his ability to see in the periphery is really not that much decreased and both of these aspects of visual function, the ability to discern small objects, acuity and the ability to see peripherally

are very, very important. . . . [I]f you have someone that had good peripheral field as Mr. Bauer did in his right eye, but limited acuity, he does not have a limited field in that eye but he does not have good central vision. The two aspects are both important. You can't say which is more important.

Based on Dr. Doft's testimony on the importance of peripheral vision—even though the doctor did not expressly articulate a "material" contribution of the right eye to overall vision—the referee logically concluded that the claimant's peripheral vision in his right eye makes a material contribution to his overall vision. According to Finding of Fact No. 16, the referee found the testimony of Dr. Doft to be "more credible." Therefore, under *Hoffman,* we cannot disturb the referee's finding as to credibility and we must conclude that Dr. Baker's testimony was not capriciously disregarded but was rebutted by more credible testimony.

The claimant contends that we are bound, as a matter of law, to a conclusion that the peripheral vision of one eye cannot contribute materially to overall vision. For support, the claimant cites *Miller v. Workmen's Compensation Appeal Board (CertainTeed Corp.),* 91 Pa. Commonwealth Ct. 253, 496 A.2d 1337 (1985); *Fidler v. Workmen's Compensation Appeal Board (United Cable Corp.),* 83 Pa. Commonwealth Ct. 155, 478 A.2d 907 (1984); *Thiele v. Workmen's Compensation Appeal Board (Sulosky, Jr.),* 83 Pa. Commonwealth Ct. 286, 477 A.2d 51 (1984); and *Armco Steel Corp. v. Workmen's Compensation Appeal Board (Magnone),* 68 Pa. Commonwealth Ct. 118, 448 A.2d 673 (1982). These cases do not, however, support the proposition that the peripheral vision of an injured eye can never, by itself, be a material contribution to overall vision. At most, the cases represent piecemeal determinations of whether a

referee capriciously disregarded competent evidence or whether individual records contain substantial evidence to support findings of fact.

The two cases most helpful to the claimant factually are *Miller* and *Fidler*. In both cases, this court reversed a referee's determination that a claimant had not lost total use of an injured eye when the claimant could only see peripherally out of the injured eye. Neither case, however, involved a question of credibility created by conflicting expert testimony. We reversed the board in *Fidler* because the referee's finding of a material contribution by the injured eye was contrary to the only competent expert testimony admitted on that key issue. Similarly, in *Miller,* the referee's finding of a material contribution by the injured eye contradicted the only medical expert called to testify in that case. These cases are distinguishable from the present facts because the contrasting testimonies of Doctors Baker and Doft presented a credibility question to the referee. Unlike *Miller* or *Fidler,* we cannot so easily find a capricious disregard of competent evidence but rather must defer to the referee's credibility determination.

In *Thiele* and *Armco,* each referee found that a claimant's injured eye did not make a material contribution to overall vision. The employers contended, in each case, that the findings lacked substantial evidence in the record for support. This court's review of the records in each case revealed substantial evidence to support the referee's findings and we, accordingly, affirmed.

As we have held in *George v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 23, 437 A.2d 521 (1981), the question of whether vision is lost for all practical intents and purposes is a mixed question of law and fact. We decline to change the nature of that question into one of pure law by ruling that the loss of all but the peripheral vision of one eye necessarily con-

stitutes the loss of use of the entire eye. Rather, we accept, in this case, the referee's determination that the claimant's peripheral vision from the injured eye contributes materially to his overall vision, based on expert testimony which the referee found to be more credible.

We therefore affirm the order of the board.

### ORDER

Now, November 6, 1986, the order of the Workmen's Compensation Appeal Board, at Docket No. A-89185, dated November 1, 1985, is affirmed.