539 A.2d 505

Thomas M. Rakocy, Petitioner *v.* Workmen's Compensation Appeal Board (M. Gordon & Sons, Inc.), Respondents.

Submitted on briefs January 27, 1988, before President Judge CRUMLISH, JR., and Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*David B. Dowling, Rhoads & Sinon,* for appellant.

*Paul L. Zeigler, Goldberg, Katzman & Shipman, P.C.,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 28, 1988:

A Workmen's Compensation Appeal Board (Board) order upheld a referee's decision to deny Thomas M. Rakocy specific loss benefits (right eye).[1] We affirm.[2]

Rakocy, a laborer for M. Gordon & Sons, Inc., was injured when debris from a sandblasting hose entered his right eye. Thereafter, he developed ocular herpes resulting in scarring of the eye.

Rakocy contends on appeal that his blurred vision—the result of sunlight diffusing through the scars in his eye—is undetectable in an examination under normal doctor's office conditions. Thus, he asserts that

---

[1] 77 P.S. §513(7).

[2] In affirming, we note that our scope of review is limited to a determination of whether the Board committed an error of law, violated constitutional rights, or if the referee's findings of fact are not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

the referee erred in crediting the testimony of the employer's doctor, who failed to conduct tests simulating the effects of sunlight.

In order for a claimant to recover for the specific loss of an eye, he or she must demonstrate that the injured eye was lost for all practical intents and purposes. In short, compensation may not be awarded if a claimant's vision is better when using both eyes than when using the uninjured eye alone. *Tesco Tank Center, Inc. v. Workmen's Compensation Appeal Board (Zmarzley)*, 107 Pa. Commonwealth Ct. 469, 528 A.2d 1036 (1987).

Ophthalmologists testified for Rakocy and his employer. Rakocy's treating physician testified that sunlight created glare that could be remedied by wearing a patch over the injured eye. Upon cross-examination, however, she reaffirmed her previous opinion that "viewing with both eyes still allows for better judgment of spatial relationships and depth perception that monocular viewing does not afford."[3] The employer's medical expert testified that upon examination, the injured eye was scarred on the non-viewing portion of the eye; however, the visual axis remained unimpaired.[4] Moreover, he stated, "I think the use of the injured eye does contribute to his visual effectiveness in a positive manner, not a negative manner."[5]

In workmen's compensation cases, a referee may accept or reject the testimony of any witness. *Hoffman v. Workmen's Compensation Appeal Board (Mitchell Transport, Inc.)*, 87 Pa. Commonwealth Ct. 44, 485 A.2d 1235 (1985). In this case, the referee accepted unequivocal medical testimony from both sides that Rakocy's injured eye still materially contributes to his

---

[3] N.T., referee's hearing, 9/27/83, p. 31.
[4] N.T., referee's hearing, 2/24/84, pp. 6-10.
[5] N.T., 2/24/84, p. 43.

overall vision. *Bauer v. Workmen's Compensation Appeal Board (Ram Construction Co.)*, 102 Pa. Commonwealth Ct. 26, 517 A.2d 568 (1986).[6]

Accordingly, we affirm the order of the Board.

### ORDER

The order of the Workmen's Compensation Appeal Board, No. A-91764 dated June 5, 1987, is affirmed.

---

[6] Here, the referee concluded that:
5. Given the unequivocal opinions of both claimant and defendant's medical witnesses 'that, while claimant may have some light sensitivity in his right eye under certain conditions, claimant nevertheless can see better in general using both eyes with the use of the injured eye contributing materially to claimant's overall vision, claimant has not met the standard for loss of use of his right eye.
Referee's decision, May 29, 1986, Conclusion of Law # 5.